Tilghman C. J.
This action was arbitrated under the “Act regulating arbitrations,” passed 20th March, 1810. The award was brought to the prothonotary, Mr. Barnes, at his house, out of office hours in the evening of the 1st August, and filed by him, and entered on the docket on the next day; so that the entry of the award was on the 2d August. There was no blame in the prothonotary, because being obliged by law to keep his papers, not in his dwelling house, but in a public building appropriated to the purpose, he cannot be prepared at all hours to make entries in his docket. On the 22d August, the defendant entered his appeal. The law allows twenty days after the entry of the award on the docket, for an appeal. The question then is, whether this appeal was made in time. If the day on which the award was entered on the docket, is counted as one, the twenty days expired before the appeal; if not, they had not expired. In order to ascertain with certainty, whether any given number of days have expired from an act done, it would be necessary to count immediately from the act, and the twenty-four hours next succeeding would make the first day. But this minuteness of inquiry would be attended with so much difficulty, that it has been thought best to establish a general rule that there shall be no fraction of a day, except in case of necessity. If there shall be no fraction of a day, you must either include in your computation the whole day on which the act was done, or entirely exclude it, and begin your count on the next day; and so far as truth is concerned, it is im *413 material which of those ways you take. The. chance of hitting the truth is as good in one way as the other, but in nei- ” fher will you probably arrive at the exact truth. It is no wonder then if the rule of computation has been laid down differently, according to circumstances. The adjudged cases are not to be reconciled; but upon a careful investigation of them it may be perceived, that the day on which the act is done, has been included or excluded, as the nature of the case indicated to the court the propriety of a rigorous or a liberal construction. There can be no doubt, but a liberal construction is proper in this case.- A man may-be compelled to an arbitration much against his will. The proceedings before arbitrators are not according to the course of the common-law, and therefore when an appeal is made for the purpose of obtaining a trial by jury, every indulgence and facility, consistent with the act of assembly, should be afforded. If the authorities were all on one side, I should not be for disturbing them, however unreasonable they might appear to me, because no inconvenience is greater than uncertainty of law. But I have said before, that the decisions have -been contradictory, and I will mention one in favour of the construction to which I incline, which bears a strong analogy to the case before us. By the stat. 5 Geo. II. ch. 27. the defendant on being served with process, “must enter his appear- “ anee at the return of the process, or within eight days after “ such return.” The construction of this statute is settled, that the defendant has eight days, exclusive of the day of return. (1 Cromp. Prac. 46. 1 Sellon, 102.) Now these words are exactly similar to those of our act of assembly. The act says, that the appeal shall be made zvithin tzventy days after the entry of the award on the docket. The statute declares, that the appearance shall be entered zvithin eight days after the return of the process. The entry of the award is an act to be done, and so is the return of process. There are many decisions on the computation of time, under rules of court; but as it may be said, that the court who made the rules may put their own construction on them, I choose rather to rely on the case I have mentioned, which is on the construction of a statute. One argument urged by the plaintiff it is proper to notice, particularly because it is supported by the respectable authority of the District Court of this city. It is this: That unless the day of entering the award on the dock *414 et is included, the defendant could not enter his appeal oa that day. If this were so, I should embrace the construction contended for by the plaintiff, but it does not appear to me that such is the consequence, because, if the appeal is entered on- the day of the docket entry, it is certainly within twenty days from after the entry; and that would be a case, in which, from necessity, the court would reject the artificial rule of no fraction of a day, and inquire into the hour and even minute in which the award and the appeal were entered. The party has a right to enter his appeal as soon as he pleases after the entry of the award; and of this right, it would be monstrous to deprive him by a fiction; for when we say there can be no fraction of a day, it is but a fiction, intended, like all other legal fictions, to advance justice and not to destroy it. In jiclione juris, semper subsistit esquitas, and when it would work iniquity it is always discarded. I do not conceive, therefore, that the right of entering the appeal on the same ■day, will be at all affected by our decreeing, that when it is not so entered, the court will presume that the award was docketed on the last minute of the day, and allow the twenty days next following, for entering the appeal. The defendant’s counsel made another point, that the last of the twenty days happening on Sunday, the law allowed one day more ■for the appeal. It is unnecessary to decide this, as I am of •opinion, on the first point, that the appeal was entered in good time.
Yeates JY
I take the true meaning of the 11th section of the act of 20th March, 1810 to be, that the party dissatisfied with the award, should be allowed the full period of twenty days from its being entered on the docket, in order to institute his appeal. The general rule is, that the' law makes no fractions of a day. If the day of filing the award is to be computed as one of the twenty days, it would follow, that if this act was done on the last moment of that day, it would deprive the party of>a portion of the time allowed to him for claiming a rehearing. The computation of time in the contracts of individuals must be governed by their true intention ; but where an act of the legislature restricts or modifies the right of trial by jury, I should feel myself strongly disposed to be liberal, unless I am restrained by the plain unequivocal expressions of the law. In this instance, if the day *415 of entering the award, (viz. 2d August, 1814,) is reckoned inclusively, the twenty days would expire on the 21st August following, which happened on Sunday. The law appears to me, to furnish a rational principle of computation in cases of this nature. The four day’s rule to plead, must always be restricted to such days, wherein the defendant may plead, and when the offices are open. Sunday is never reckoned one of those days, because neither courts nor offices are then open. It is not like the case where Sunday is reckoned one of the fourteen days for giving notice of trial; because a man may prepare for his journey on that day, as well as on any other day of the week. Lord Coningsby’s case, 8 Mod. 21. 46. Sunday is not included in the four days to move in arrest of judgment, but the defendant must have four juridical days. Hales v. Owen, 2 Salk. 625. Works of necessity, justice, or charity, on the Sabbath, violate neither divine nor human laws. Such acts can offend the minds of most misdeeming Christians alone. I cannot see on what ground, in a case of a merely civil nature, a judge, justice, or prothonotary would be called upon to discharge his official duties upon that day. These form their wordly business, which the policy of our law, founded on principles of Christianity, interdicts them from performing. If the public functionaries are to open their offices for the transaction of their ordinary employments, I scarcely need to observe, that the vestige of a Sabbath, would not long remain amongst us. See Shadwell v. Angel, 1 Burr. 56.
I apprehend, therefore, that the defendant here entered his appeal in due time, according to the plain meaning of the act of assembly, under all the circumstances of the case, and that the rule to show cause why the appeal should not be struck off the docket, be discharged.
Braekenridge J. concurred.
Rule discharged.