## Marks's Executors *versus* Russell.

*Computation of Time on Notice of Rule to plead, &c.*

1. In computing the time to plead on ten days' notice under a rule of court, the day on which the notice is given must be excluded, and if the final day falls on Sunday, it also is to be excluded.

2. Therefore, where a rule was entered and served December 27th 1860, and the ten days in which defendants were therein required to plead, expired January 6th 1861, which was Sunday, a plea entered upon the following Monday was in time, and the judgment entered on that day against the defendants in default of a plea, was premature and erroneous.

3. The rule in Goswiler's Estate, 3 Penna. R. 200, and Cromelien *v.* Brink, 5 Casey 522, affirmed.

ERROR to the Common Pleas of *Allegheny county*.

This was an action of *assumpsit* brought by Caleb Russell against James I. Marks and John McClosky, executors, &c., of William Marks, deceased, in which, after plaintiff's declaration and affidavit of cause of action were filed, a rule to plead on ten days' notice or judgment was taken, served on the 27th of December 1860, and judgment in default entered January 7th 1861.

On the 7th of January 1861, after the judgment was entered, the defendants pleaded *non assumpsit*, &c.; and on the 12th of January obtained a rule on the plaintiff to show cause why the judgment should not be opened, and defendants let into a defence, proceedings to stay in the mean time, which rule was made absolute March 11th 1861.

On the 30th of March 1861 plaintiff's attorney moved for a rule to show cause why the judgment should not be reinstated, which rule was also made absolute. The case was, thereupon, removed into this court by the defendants, for whom the following errors were assigned:—

1. The judgment was prematurely entered, defendants' pleas having been entered within the time allowed by the rule of court.

2. It was error for the prothonotary to enter a final judgment. The judgment should have been interlocutory, if plaintiff was entitled to judgment at all.

3. The judgment is erroneous in being for a greater sum than that mentioned in the declaration.

4. The judge erred in *reinstating* the judgment. His discretion was exhausted on the first rule; having opened the judg-

[Marks's Executors *v.* Russell.]

ment, he had no authority, upon a mere reconsideration of his own action, to close it again.

*William M. Shinn,* for plaintiff in error, argued : 1. That the judgment was premature; that, excluding the day on which the rule was entered, the ten days expired January 6th 1861, which was Sunday, and that therefore defendants had all of Monday in which to plead: citing Goswiler's Estate, 3 P. R. 201; McKinney *v.* Reader, 6 Watts 37 ; Harkee *v.* Addis, 4 Barr 515 ; Sims *v.* Hampton, 1 S. & R. 411. 2 and 3. That the judgment should have been interlocutory, whereas the prothonotary had not only entered final judgment, but had liquidated the amount of damages, without a writ of inquiry, in disregard of the rule of court regulating judgments by default. 4. Where the court, in the exercise of its discretion, acts upon a motion to open a judgment, no writ of error lies : Halbach *v.* Fisher, 1 Rawle 323; Nice *v.* Bowman, 6 Watts 26. But where a judgment has once been opened, the court has no power to reinstate, on motion, on the ground of error in opening it.

The defendant in error furnished no printed argument.

The opinion of the court was delivered, October 31st 1861, by LOWRIE, C. J.—The judgment was premature. In counting the time to plead after notice, the day on which the notice is given *is* excluded, and if the final day falls on Sunday, it also is excluded, and a plea entered on Monday is in time. A judgment entered on that day is erroneous. The cases of Goswiler's Estate, 3 P. R. 201, and Cromelien *v.* Brink, 5 Casey 522, show this.

Judgment reversed, and a *procedendo* awarded.