# Duffy *versus* Ogden.

1. The general rule as to computation of time is, that when by an Act of Assembly a given number of days is allowed to do an act, or the act may be done within a given number of days, the day on which the rule is taken or the decision made is excluded.

2. A lease was for one year from the 25th day of March: *Held*, that under the Act of December 14th 1863 (Landlord and Tenant) notice to quit given on the 25th of the next December was in time.

3. The landlord's right of entry did not begin until the first moment of the 25th of March.

4. The notice under the Act of 1863 is governed by the language of the act.

February 14th 1870. Before READ, AGNEW, SHARSWOOD and WILLIAMS, JJ. THOMPSON, C. J., at Nisi Prius.

Error to the Court of Common Pleas of *Philadelphia:* Of July Term 1869: No. 162.

This was a proceeding instituted, April 2d 1869, before Alderman Delaney, by Anning A. Ogden against Thomas Duffy, to recover possession of a messuage, &c., which had been leased by the plaintiff to the defendant for one year from the 25th of March 1868. The record of the alderman showed that on the 25th of December 1868 Ogden gave notice to Duffy to deliver to him possession of the premises at the end of the term. Other necessary proof having been given, the alderman gave judgment that the defendant deliver up the premises, &c.

The proceedings were removed by certiorari into the Court of Common Pleas, where these exceptions were filed:—

[Duffy v. Ogden.]

" 1. The record does not set forth that three months' *previous notice* had been given by complainant to defendant of complainant's desire to repossess said premises at the end of said term.

" 2. Due proof was not made before said alderman that three months' notice to remove, had been given to defendant *previously* to the ending of said term."

The court below (Brewster, J.,) affirmed the proceedings of the alderman. Duffy took a writ of error, and assigned this affirmance for error.

*C. D. Freeman*, for plaintiff in error, cited Act of December 14th 1863, § 1, Pamph. L. (1864) 1125, Purd. 1341, pl. 1; Marys *v.* Anderson, 2 Grant 446; Rich *v.* Keyser, 4 P. F. Smith 89; Cromelien *v.* Brink, 5 Casey 524.

*A. H. Smith*, for defendant in error, referred to the same Act of Assembly and the same cases; also to Green's Appeal, 6 W. & S. 327.

The opinion of the court was delivered, March 7th 1870, by

AGNEW, J.—This was a proceeding under the Landlord and Tenant Act of 14th December 1863. It is objected that three months' previous notice of the landlord's intention to repossess himself of the demised premises was not given. The last day of the lease was the 24th day of March 1869, and the notice was given on the 25th day of December 1868. Was this three months' notice? There has been much clashing of opinion as to the legal period of notices, and many fine distinctions drawn which need not be noticed in this case, as the question depends on the language of the act itself for its solution. The cases will be found fully collected and considered by Justice Porter in Cromelien *v.* Brink, 5 Casey 522. The general rule now observed is, that when by an act of the legislature a given number of days are allowed to do an act, or it is said an act may be done within a given number of days, the day in which the rule is taken or the decision made is excluded. This is the rule stated in Gosweiler's Estate, 3 Penna. 201, and reaffirmed in Cromelien *v.* Brink. Thus where a time is given for an appeal from a judgment, or for its revival, the day of the judgment is not counted. But the previous notice required by the Act of 1863 is measured by the terms of the act itself, as will be seen by its language. The proof to be made by the landlord, inter alia, is, " that the term for which the premises were demised is *fully ended*, and that three months' *previous* notice had been given." Previous to what? The act answers—previous to the determination of the lease. But when does the lease fully end and determine? Certainly not until the last moment of the last day of the term, which in this case was the 24th day of March. The landlord's right of re-entry did not

14 P. F. SMITH—16

[Duffy *v.* Ogden.]

begin, therefore, until the first moment of the 25th day of March had arrived. This corresponds with the general custom and understanding. Leases beginning on the 1st day of April expire on the 31st day of March in the following year; the old tenant giving up and the new tenant coming in on the 1st day of April without a gap in the possession. It is obvious, therefore, that the 24th day of March counted a whole day when its last moment had arrived. Counting the 25th day of December, on which the notice was given, and the 24th day of March, when the lease had expired, the three months were fully ended and expired before the landlord's right of re-entry had accrued. The only defect of time which could be alleged is in the 25th of December, the day on which notice was given. But that is also to be regarded as a whole day, for the law takes no account of the fractions of a day in the computation of time. Service on that day was one day's notice, and therefore the three months' notice previous to the termination of the lease was complete and fully ended. The next day, March 25th, was the beginning of a new period.

The judgment is therefore affirmed.