# Edmundson *versus* Wragg.

1. Where an Act of Assembly requires a thing to be done within a certain time from a prior date, and deprives the party of a right for omitting it, the day from which the count is to be made should be excluded in computing the time within which the act may be done.

2. Where, in such case, the last day on which said act might be done falls on Sunday, that day, being dies non-juridicus, is also to be excluded from the computation, and the party has the whole of the following day on which to perform such act.

3. The Act of May 28th 1858 provides that no action to recover back excess of interest voluntarily paid in excess of six per cent. shall be sustained, unless commenced " within six months from and after the time of such payment." A payment of interest in excess of six per cent. was made May 13th 1881. The six months expired November 13th 1881, but that day being Sunday, the plaintiff began his action on the following day : *Held*, that the action was commenced in time, within the limitation of said Act.

4. The Act of June 20th 1883 (P. L. 136), enacting the rule for computation of time substantially as above stated, is not retrospective.

5. The above-stated rule does not apply to negotiable paper.

November 3d 1883. Before MERCUR, C. J., GORDON, PAXSON, STERRETT, GREEN and CLARK, JJ. TRUNKEY, J., absent.

ERROR to the Court of Common Pleas No. 2 of *Allegheny county :* Of October and November Term 1883, No. 166.

[Edmundson *v.* Wragg.]

Case stated, between John F. Edmundson, plaintiff, and George Wragg, Jr., defendant, setting forth, inter alia, that on May 13th 1881, George Wragg, Jr., the assignee of a certain bond and mortgage of $2,500, theretofore executed by said John F. Edmundson, acknowledged payment and satisfaction in full on record of said mortgage debt, together with the interest thereon, " there having been paid to the said George Wragg, Jr., voluntarily, $529.96, interest in excess of the legal interest as established by law, to wit, in excess of six per centum interest." That the plaintiff began an action to recover back such excess of interest on Monday, November 14th 1881, to which the defendant filed an affidavit of defence, setting up that said suit had not been commenced within six months from and after the time of such payment, as provided by the Act of May 28th 1858, and the plaintiff's action was thereby barred. The case stated provided that " If the court be of the opinion that the plaintiff commenced his said action within the time required by law, then judgment to be entered for the plaintiff therein, but if not, then judgment to be entered for the defendant. The costs to follow the judgment, and either party reserving the right to sue out a writ of error therein."

The court, after argument, in an opinion filed by EWING, P. J., held that the six months from the date of payment expired on November 13th 1881, and the fact that that day was Sunday did not extend the plaintiff's time for bringing suit to the 14th of November.

The court therefore entered judgment on the case stated for the defendant. The plaintiff thereupon took this writ of error, assigning for error the said judgment.

*H. S. Floyd*, for the plaintiff in error.

*E. P. Jones*, for the defendant in error.

Mr. Justice STERRETT delivered the opinion of the court, January 7th 1884.

The Act of May 28th 1858, authorizing the recovery of interest voluntarily paid in excess of six per cent., provides that " no action to recover back any such excess shall be sustained in any court of this Commonwealth unless the same shall have been commenced within six months from and after the time of such payment." This suit was brought on Monday, November 14th 1881, to recover $529.96, excess of interest, included in payment made on the 13th of May preceding; and the only question presented by the record is whether the suit was commenced within the six months limited by the Act. In computing the time, according to the rule recognized in Cromelien

[Edmundson *v.* Wragg.]

*v.* Brink, 5 Casey 522, the day on which the payment was made must be excluded. In that case the authorities, theretofore not entirely harmonious, were ably reviewed by Mr. Justice PORTER, and the rational rule adopted, that where an Act of Assembly requires a thing to be done within a certain time from a prior date, and deprives the party of a right for omitting it, the most liberal construction ought to be chosen and the furthest time given from which the reckoning is to be made. In other words, the day from or after which the count is to be made should be excluded in computing the time within which the act may be done. In that portion of the opinion which refers to statutes limiting the time within which land sold for taxes, etc. may be redeemed, the principle underlying the decision in that case is explained as follows: "A day is always an indivisible point of time, except where it must be cut up to prevent injustice. In the sense of these statutes, it has neither length nor breadth, but simply position without magnitude. If the time for redemption were fixed at one day after the sale, that day could not be the day of the sale; for it might be made at the last moment of the day, and the owner, being thus prevented from tendering on that day, would lose his right. The time mentioned must therefore be the following day. So of one year, and of two years." The rule thus settled, in accordance with sound reason as well as authority, has been rigidly adhered to ever since: Menges *v.* Frick, 23 P. F. Smith 137, and cases there cited.

Applying the rule to the facts of the case stated, the six months expired November 13th 1881, unless that day, being Sunday, is to be regarded as dies non-juridicus and therefore excluded in computing the time. The contention of the plaintiff in error is that the limitation began to run on May 14th, and would have ended with November 13th 1881, if the latter had been a secular day, but inasmuch as it was Sunday he had the whole of the following day in which to commence his action. In Goswiler's Appeal, 3 P. & W. 200, it was held that "whenever by rule of court or Act of Assembly a given number of days is allowed to do an act, or it is said an act may be done within a given number of days, the day on which the rule is taken or the decision made is excluded, and if one or more Sundays occur within the time, they are counted, unless the last day falls on Sunday, in which case the act may be done on the next day." While the rule, as a whole, has not always been consistently observed, that clause of it which includes the following Monday in the computation, whenever the last day falls on Sunday, has never been departed from. On the contrary, it has been approvingly recognized and applied in several cases,

[Milligan's Appeal.]

among which are McKinney *v.* Reader, 6 Watts 34; Harker *v.* Addis, 4 Barr 515, and Marks *v.* Russell, 4 Wright 372.

A similar principle of computation is applicable to contracts for sale and delivery of goods. For the purpose of performance Sunday is considered dies non, and hence, if the last day happens to be Sunday it is to be regarded as stricken from the calendar, though intervening Sundays are to be counted: 2 Benj. on Sales 893, note. Performance of a contract which matures on Sunday may be exacted on the following day; 2 Whart. on Contracts § 897. But, negotiable paper is an exception to the rule. When it matures on Sunday payment should be demanded on Saturday.

The Act of June 20th 1883, passed since the commencement of this suit, is not retroactive in its operation, and therefore it is inapplicable to the case before us; but its provisions are in harmony with the principles upon which we base our judgment, and will doubtless have the much-to-be-desired effect of hereafter setting at rest all questions as to computation of time, in matters within its purview.

> Judgment reversed, and judgment is now entered on the case stated in favor of the plaintiff and against the defendant for five hundred and twenty-nine dollars and ninety-six cents, with costs.