## APPEAL OF AMANDA C. LUTZ, ET AL.

[ASSIGNED ESTATE OF A. F. CREITZ.]

124  273
30 SC  210

FROM THE DECREE OF THE COURT OF COMMON PLEAS OF LEHIGH COUNTY.

Argued February 6, 1889—Decided February 18, 1889.

1. The act of June 20, 1883, P. L. 136, regulating the computation of time under statutes, rules, orders and decrees of court, etc., though not retroactive, is declaratory of the law as it existed prior to its passage.
2. Where the last day of the five years during which a judgment remains a lien upon realty without revival, as provided in § 1, act of March 26, 1827, 9 Sm. L. 303, falls on Sunday, a scire facias to revive is in time if sued out on the next day, Monday.
3. Goswiler's Est., 3 P. & W. 201; McKinney v. Reader, 6 W. 34; Harker v. Addis, 4 Pa. 515; Marks v. Russell, 40 Pa. 372; Edmundson v. Wragg, 104 Pa. 500; Green's App., 6 W. & S. 327; considered and applied by analogy.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 140 January Term 1889, Sup. Ct.; court below, No. 1060, C. P.

On December 6, 1886, Alvan E. Creitz made an assignment for the benefit of creditors, and on May 10, 1887, his assignees filed their account, when *Mr. James L. Schaadt* was appointed auditor to hear and determine exceptions and to report distribution.

On February 28, 1888, the auditor filed his report, from which it appeared that a contention arose as to whether or not a judgment in favor of Mary Handwerk, for use of Henry Leiby, was entitled to share in the distribution. This judgment had been entered originally for $1,380, to No. 407 April Term 1876, on April 17, 1876. April 17, 1881, five years from that date, fell on Sunday. On April 18, 1881, to No. 12 June Term 1881, Mr. Evan Holben, as attorney for the plaintiff, delivered his præcipe to the prothonotary for a scire facias to revive et quare executionem non. No defence was made to

VOL. CXXIV—18

the writ which issued, and on April 17, 1886, when another period of five years had about elapsed, judgment was entered by confession and the balance due liquidated at $739.62. On May 20, 1886, the judgment was assigned to Henry Leiby, who claimed payment of the same with interest from the date of the assignment to him, out of the fund for distribution, which was almost entirely the proceeds of real estate upon which the judgment was claimed to be a subsisting lien.

Payment as claimed was resisted by Amanda C. Lutz and others, administrators of Elias K. Donat, deceased, holding a subsequent judgment.

The auditor cited and discussed § 1, act of March 26, 1827, 9 Sm. L. 303; Davidson v. Thornton, 7 Pa. 128; Green's App., 6 W. & S. 327; Betz's App., 1 P. & W. 271; Hock's App., 1 Pittsb. 325; Reynolds's App., 10 W. N. 424; Dean's App., 35 Pa. 405; Commonwealth v. Rogers, 4 Clark 252; Act of June 20, 1883, P. L. 136; and ruled that the lien of the judgment had expired on April 17, 1881, which was the last day upon which under the statute it could have been revived by scire facias or agreement. Then, considering the nature of the writ of scire facias to revive et quare.executionem non, under Chambers v. Carson, 2 Wh. 365; Duff v. Wyncoop, 74 Pa. 305; Green v. Leymer, 3 W. 384; Moody v. McDermott, 1 Miles, 18; Shaeffer v. Child, 7 W. 86: Berryhill v. Wells, 5 Binn. 56; Collingwood v. Carson, 2 W. & S. 220; and Custer v. Detterer, 3 W. & S. 28, ruled again that the lien of the original judgment ceased to exist and have life on April 17, 1881, and it could not be galvanized into life by issuing the writ the day after, even if no other judgments at that time appeared of record. The claim upon the judgment was therefore disallowed.

To this ruling the claimant filed exceptions, and the auditor afterwards made a supplemental report, in which, after an examination of Goswiler's Est., 3 P. & W. 201; Sims v. Hampton, 1 S. & R. 411; Harker v. Addis, 4 Pa. 515; McKinney v. Reader, 6 W. 34; Ege's App., 2 W. 285; Marks v. Russell, 40 Pa. 372; Cromelien v. Brink, 29 Pa. 524; Arms v. Leaman, 4 Clark 84, concluded:

These cases, and the rule established by them, seem to the auditor to be inapplicable to the question now before him. They have relation only to the doing of some act of a purely

civil nature. But the lien of a judgment is one of its attributes, the existence and duration of which is limited by statutory enactment to a period of five years from the date of entry or revival, and no judgment shall continue a lien for a longer period than five years from the day of entry or revival, unless revived within that period. It being impossible to revive the Leiby judgment on Sunday, April 17, 1881, the day upon which its lien expired, therefore Mr. Leiby had all of the next day in which to issue a writ: such is his contention. While it is true that the mere issuing of the writ was an act which in consonance with the decisions cited above, he would be entitled to do on the day following Sunday, yet, unfortunately for his contention, the lien of the judgment expired, by the express words of the statute, on Sunday. To hold otherwise would be to give the lien of his judgment a duration of five years and one day and an unjust advantage over subsequent liens.

The claimant's exceptions having been overruled by the auditor, filed with his report and renewed in court, after argument thereof, the court, ALBRIGHT, P. J., on November 20, 1888, filed an opinion in which, considering, in addition to the authorities cited by the auditor, the cases of Swann v. Brown, 3 Burr. 1595; Van Vechten v. Paddock, 12 Johns. 176; Thomas v. Afflick, 16 Pa. 14; Edmundson v. Wragg, 104 Pa. 500; Barnes v. Eddy, 12 R. I.——; English v. Williamson, 34 Kan. 212; 2 Benj. on Sales, 893, n.; 2 Whart. on Cont., § 897; Fryhoffer v. Busby, 17 S. & R. 121, the claimant's exceptions were sustained, and to his judgment was awarded the sum of $776.46.

Thereupon the objecting creditors took this appeal assigning as error the order sustaining said exceptions and awarding payment to the claimant's judgment.

*Mr. Marcus C. L. Kline*, for the appellants:

The adjudicated cases in the books, ruling that when the last day to do an act falls on Sunday, it is in time if the act be performed on the day following, are cases where the last day to plead, to take an appeal, or to bring suit on a note, bond, or the like, fell on a Sunday. In such instances it is equitable, just and fair that the law be as just stated. The rights and

equities of third persons are not thereby affected or jeopardized. But to say, that when the last day of the lien of a judgment falls on Sunday, it is in time to continue the lien of such judgment, if the process be instituted on the Monday following, is dangerous to the rights of subsequent judgment creditors and may affect and jeopardize the interests of third persons and innocent parties: citing authorities, not heretofore referred to: Bank of North America v. McCall, 3 Binn. 341; Tricket on Limitation of Actions, § 177.

*Mr. Arthur G. Dewalt* (with him *Mr. Milton C. Henninger*), for the appellee:

In computing the time of five years under § 1, act of March 26, 1827, 9 Sm. L. 303, the day of entry of the judgment is certainly to be excluded, and when the last day of the period falls on Sunday, that day is also excluded, and the next day, Monday, is the last day for the issuance of the writ: Edmundson v. Wragg, 104 Pa. 500; Goswiler's App., 3 P. & W. 200; McKinney v. Reader, 6 W. 34; Harker v. Addis, 4 Pa. 515; Marks v. Russell, 40 Pa. 372; 2 Benj. on Sales, 893, n.; 2 Whart. on Cont., § 897. While the act of June 20, 1883, P. L. 136, is not retroactive, yet as there is no precedent established, meeting the facts of the case, this court will perhaps be governed by the intent of the legislature as expressed in said act.

OPINION, MR. JUSTICE CLARK:

The Henry Leiby judgment was entered April 17, 1876; the 17th day of April, 1881, five years later, fell on Sunday, and the scire facias to revive the judgment was not issued until Monday, the 18th day of April, in that year. Was that in time to save the lien? This is the point to be decided.

The first section of the act of March 26, 1827, which prescribes the duration of the lien of judgments, is as follows: "All judgments, entered in any court of record of this Commonwealth, or revived in the manner prescribed by this act, or the act to which this is a supplement, shall continue a lien on the real estate of the defendant for the term of five years from the day of entry or revival thereof; and no judgment shall continue a lien on such real estate for a longer period than

five years from the day on which such judgment may be entered or revived, unless revived within that period by agreement of the parties and terre-tenants, filed in writing, and entered on the proper docket, or a writ of scire facias to revive the same be sued out within said period, according to the provisions of the act to which this is a supplement," etc.

In the computation of time within which an act is to be performed under a statute or rule of court, the general rule is that the day from which the computation is made is to be excluded: Sims v. Hampton, 1 S. & R. 411; Duffy v. Ogden, 64 Pa. 240; Ege's Appeal, 2 W. 283; and if the last day falls on Sunday, the act may be performed on the next day: Goswiler's Est., 3 P. & W. 201.

In Goswiler's Estate, supra, the question arose upon the computation of time for an appeal from the Common Pleas to the Supreme Court; the act of April 16, 1827, provided that if any person should consider himself aggrieved, etc., he might appeal to the Supreme Court, "within twenty days after such decision;" the last day fell on Sunday, and the appeal was entered on Monday. In passing upon the validity of the appeal, this court said, that in computing the time, in such cases, the Sundays occurring within the time must be counted, unless the last day fell on Sunday, in which event the act may be done on the next day.

It is provided by the act of March 21, 1772, that a tenant whose goods have been distrained may, "within five days next after such distress taken, and notice thereof," replevy the same; but in the computation of the time it has been held that the day of the distress is to be excluded; and if the last day falls on Sunday, the next day will be considered the fifth day: McKinney v. Reader, 6 W. 34; see also Brisben v. Wilson, 60 Pa. 452.

Under the arbitration law it is provided that the appeal shall be entered, etc., "within twenty days after the entry of the award;" but it was held in Harker v. Addis, 4 Pa. 515, that when the last day for the appeal falls on Sunday, that day would be excluded in the computation, and the party has the next day to perform the act. In the case cited the court said, "Sunday is not a judicial day; therefore, when the last day given by the act of assembly for an appeal happens on the

Sabbath, the party has the next day to attend to that duty: Sims v. Hampton, 1 S. & R. 411. It is not like a note due in bank, which is to be protested on Saturday, when the last day of grace falls on Sunday; that is regulated by the usage and custom of merchants, which is universal throughout the civilized world. These are settled rules that obviate all surprise and profanation of the Sabbath."

So in computing the time to plead on ten days' notice, under a rule of court, the day on which the notice is given is excluded, and if the final day falls on Sunday, it is also excluded; a plea entered on Monday is in time: Marks v. Russell, 40 Pa. 372.

The act of May 28, 1858, provides that no action to recover back interest, voluntarily paid, in excess of six per cent, shall be sustained, "unless the same shall have been commenced within six months from and after the time of such payment." In Edmundson v. Wragg, 104 Pa. 500, a payment of interest was made, May 13, 1881; the six months expired November 13, 1881, but that day being Sunday, the plaintiff began his action on the following day; held, that the action was commenced in time and within the limitations of the act. Our brother STERRETT, delivering the opinion of this court, in the case cited, says: "Whilst the rule, as a whole, has not always been consistently observed, that clause of it which includes the following Monday in the computation, whenever the last day falls on Sunday, has never been departed from. On the contrary, it has been approvingly recognized and applied in several cases, among which are McKinney v. Reader, 6 W. 34; Harker v. Addis, 4 Pa. 515, and Marks v. Russell, 40 Pa. 372. A similar principle of computation is applicable to contracts for sale and delivery of goods. For the purpose of performance Sunday is considered dies non, and hence, if the last day happens to be Sunday, it is to be regarded as stricken from the calendar, though intervening Sundays are to be counted: 2 Benj. on Sales, 893, note. Performance of a contract which matures on Sunday may be exacted on the following day: 2 Whart. on Cont., § 897. But negotiable paper is an exception to the rule. When it matures on Sunday, payment should be demanded on Saturday."

The act of March 26, 1827, in the section cited, provides first, that judgments shall continue a lien for the term of five

years from the day of entry or revival thereof, and second, that no judgment shall continue a lien for a longer period *unless* revived or a writ of scire facias be sued out *within* that period. Thus it will be observed, that under the act of April 16, 1827, an appeal to the Supreme Court was to be taken "within twenty days after such decision;" a writ of replevin, in case of distress "within five days next after such distress taken," etc.; an appeal from an award of arbitrators "within twenty days after the entry of the award," and a suit to recover interest paid in excess of six per cent, is not sustainable, unless it "shall have been commenced within six months after the time of payment," and a scire facias to continue the lien of a judgment must be sued out within said period of five years from the day of entry or revival.

Upon a somewhat careful examination of the authorities, we find no case which carries the rule in its entirety to a scire facias on a judgment. In Green's App., 6 W. & S. 327, it is held, in partial recognition of the rule in Goswiler's Estate, supra, that the five years within which a judgment must be revived by scire facias, are exclusive of the day on which it is entered. Our attention has not been called, however, to any case where the precise question under discussion has been raised. But the reasons for applying the rule to the issuing of a scire facias are the same, whilst the language of the act of 1827 is as fairly susceptible of this construction as that of the statutes referred to in the cases cited.

It is plain that the Leiby judgment was a lien on April 17, 1881; it is equally plain that the plaintiff was powerless on that day to issue a præcipe to preserve the lien: Sims v. Hampton, 1 S. & R. 411; McKinney v. Reader, 6 W. 34. The same result is liable to ensue in the case of a legal holiday. On such days, the office of the prothonotary may be closed; he is not bound by law to keep it open; a legal holiday is ex vi termini, dies non juridicus, and although the act to be performed might be legally done, the officer is not bound to perform it. Such a condition of affairs, when a valuable estate or property or a large sum of money is at stake, might lead to extortion or imposition, or produce the grossest injustice. It was the reasonable apprehension of such results, doubtless, which influenced the legislature in the passage of the act of June 20, 1883, P. L.

136. But this slip, if there was one, occurred in 1881, and as the act of 1883 is not retroactive, it can have no effect here. It is plain, however, from the cases cited that it is simply declaratory of the law as it existed prior to its passage.

It is objected, however, that in making searches a reference to the calendar is, or may be, rendered necessary, in ascertaining the continuance of liens: but this is equally true, as we have seen, in many other matters affecting the record, and we cannot see that the profession can suffer any great measure of inconvenience in this respect; we are of opinion, on the contrary, that the ends of justice may in many cases be subserved by the rule in question.

For the reasons stated we are of opinion that the learned judge of the court below was right, and

> The decree of the Common Pleas is therefore affirmed and the appeal dismissed at the cost of the appellants.