## Ehrhart *v.* Esbenshade, Appellant.

*Landlord and tenant — Distress — Premature appraisement — Tres-pass—Act of March 21, 1772, 1 Sm. L. 370..*

1. If an appraisement of goods distrained by a landlord for rent be made before the lapse of five full days after the seizure, and be followed by a sale, the landlord is a trespasser and liable in damages.

2. Where the last day for the replevying of goods levied on under a distress for rent falls on Sunday the tenant has all of Monday in which to replevy them and no appraisement can lawfully be made until Tuesday.

Argued May 15, 1911. Appeal, No. 239, Jan.. T., 1910, by defendant, from judgment of C. P. Lancaster Co., Jan. Term, 1909, No. 40, on verdict for plaintiff in case of Alexander Ehrhart v. Christian B. Esbenshade. Before BROWN, MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Affirmed.

Trespass for an alleged wrongful distress. Before HASSLER, J.

The court charged in part as follows:

The act of assembly requires the landlord to give notice to the tenant that he must replevy the goods within five days after the levy on the landlord's warrant has been made. In this case the sheriff, who was the defendant's bailiff, made the levy on December 8, which was on a Tuesday, and at the same time he gave notice to the plaintiff, Mr. Ehrhart, that he must replevy the goods on or before December 14, which was six days afterwards, as you will observe, or they would be sold in order to raise money to pay the rent. Now it so happened that the fourteenth day of December fell on Monday, and the thirteenth day was on Sunday. In other words, that in order to give the tenant five days in which to replevy these goods he would have until Sunday evening to replevy them. But the courts further hold that where the last day falls on Sunday, the tenant shall

be given the whole of the next day in which to replevy the goods. [In other words, in this case the last of the five days having fallen on Sunday, there could be no appraisement under the law until the fifteenth. Not on the fourteenth, as was done in this case. And, as the goods were appraised on the fourteenth, they were appraised one day sooner than the law allows, and, therefore, the landlord was a trespasser from the very beginning. Any act done under these proceedings was a trespass against the rights of the plaintiff, and any act done subsequently amounted to the same thing.] [4] Nor does it make any difference that the plaintiff suffered no injury in not having been given that full day in which to replevy the goods. In other words, it does not make any difference whether he intended to replevy them or not. The courts hold the landlord to a strict compliance with all the provisions of the law, and as the landlord failed in this particular in this case, the plaintiff is entitled to recover damages in this proceeding. Of course, this depends upon your believing the testimony, but as that is the testimony on both sides that the appraisement was made on Monday, December 14, which I told you is a day sooner than the law permitted it to be [you can have no difficulty in coming to the conclusion that the plaintiff is entitled to recover.] [5] So that the only question really for your consideration is, what is he entitled to recover.

The law says in such case the tenant shall recover the value of the goods taken and sold at the time they were taken, and such other injury as he may sustain by reason of having been deprived of their use. Now there is no proof there was any injury sustained here by reason of having been deprived of their use. So the plaintiff can recover nothing on that item. [He can recover the value of the goods, and your verdict should be for the value as you ascertain it from the evidence.] [6]

Verdict and judgment for plaintiff for $2,350 as damages and $150 for loss and inconvenience. Defendant appealed.

*Errors assigned* among others were (4–6) above instructions, quoting them.

*W. U. Hensel,* with him *W. M. Franklin,* for appellant.

*C. E. Montgomery,* for appellee.

PER CURIAM, July 6, 1911:

The goods of the tenant were appraised a day too soon and the landlord was a trespasser: Davis v. Davis, 128 Pa. 100. A verdict against him was unavoidable, and, though harsh as it seems to be, there is nothing in the assignments of error that would justify us in disturbing it.

Judgment affirmed.