## Camac v. Reese.

*Time — Contracts—Statutes—Sunday—Term ending on Sunday—Lease—Renewal of term.*

1. A lease for one year from September 1st expires on the 31st day of the following August, unless that day falls upon Sunday, in which case the term ends on the following day.

2. The general rule on the computation of time is that, where the expression is from a date, if a present interest is to commence on the date, such day of the date is included in the term.

3. The rule that when a term expires on Sunday it is extended to the following day applies to contracts as well as to rules of courts and statutes.

Judgment for want of sufficient affidavit of defence. C. P. Delaware Co., Sept. T., 1924, No. 950.

*L. L. Smith,* for rule; *E. Leroy Van Roden,* contra.

BROOMALL, J., April 4, 1925.—It appears by the pleadings that the plaintiff, by a written lease dated Aug. 31, 1923, leased a property to the defendants for the term of one year from Sept. 1, 1923, with a provision: "If the lessees shall continue in the occupation of the said demised premises after the expiration of the term hereby created with the consent of the lessor, it shall be deemed a renewal of this lease," etc.

The defendants vacated the property on Monday, Sept. 1, 1924. Aug. 31, 1924, was a Sunday.

The plaintiff, alleging that the defendants had held over after the expiration of their term and the lease was thereby renewed, brought this suit for rent owing on such renewal of the tenancy.

There is no doubt that the term of this lease expired on Aug. 31, 1924, unless it was renewed for another day by reason of the last day occurring on Sunday.

The general rule on the computation of time is that, where the expression is from the date, if a present interest is to commence on the date, such day of the date is included in the term: Lysle *v.* Williams, 15 S. & R. 135; Marys *v.* Anderson, 24 Pa. 272; Duffy *v.* Ogden, 64 Pa. 240; Cascade Overseers *v.* Lewis Overseers, 148 Pa. 333; Nesbit *v.* Godfrey, 155 Pa. 251; Double *v.* Union Heat and Light Co., 172 Pa. 388; Haines *v.* Elfman, 235 Pa. 341; Loughney *v.* Quigley, 279 Pa. 396; Cairns et al. *v.* Llewellyn et al., 2 Pa. Superior Ct. 599; Nathan *v.* Sinclair, 65 Pa. Superior Ct. 237.

If the last day of a lease falls on Sunday, may the tenant have the right to move on Monday without incurring the obligation of a renewal under a continuing clause of the lease?

Where a term is fixed by a rule of court or a statute and the end of the term expires on Sunday, the term is extended to include the following day: In re John Goswiler, 3 P. & W. 200; McKinney v. Reader, 6 Watts, 34; Harker v. Addis, 4 Pa. 515; Marks's Executors v. Russell, 40 Pa. 372; Act of June 20, 1883, P. L. 136, which is only declaratory of the pre-existing law: Lutz's Appeal, 124 Pa. 273.

The same rule is applicable to contracts: Edmundson v. Wragg, 104 Pa. 500; Lutz's Appeal, 124 Pa. 273; Gregg v. Krebs, 19 Pa. C. C. Reps. 73.

Under the law as thus cited, we are of opinion that the last day of the lease occurring on Sunday, the tenants were entitled to the following day to remove without incurring the liability to a renewal. The term included the following Monday, and the expiration of the term did not close until the expiration of the following Monday.

The averment in the plaintiff's statement that the tenants failed to give ninety days' previous notice of a removal does not affect the present case. The affidavit of defence avers that the copy of the lease attached to plaintiff's statement, as to the provision for ninety days' notice, is not a correct copy of the lease, and that the lease states the time of such notice to be thirty days. It was the duty of the defendants, upon a hearing of this rule, to require the production by the plaintiff of the original lease. But the notice herein referred to is not required by the lease to be given as to the stipulated term of the lease. It is a provision which relates to a renewal of the lease, and requires ninety days' notice for a renewal prior to the expiration of the then current term.

It follows from the authorities cited above that the plaintiff is not entitled to judgment for want of a sufficient affidavit of defence, and his rule is, therefore, discharged.

From A. B. Geary, Chester, Pa.