## Mulligan *v.* E. Keeler Company, Appellant.

Argued November 14, 1933.

Before TREXLER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADT-FELD, PARKER and JAMES, JJ.

*Samuel H. Humes* of *Humes & Baird,* for appellant.

*Herbert R. Carroll,* and with him *John E. Cupp* and *W. W. Champion,* for appellee.

OPINION BY CUNNINGHAM, J., February 1, 1934:

After a hearing upon the claim petition in this workmen's compensation case, the referee awarded compensation for the disability which resulted from an injury suffered by the claimant about 3:45 on the afternoon of April 8, 1932, during the course of his employment. The injury upon which the claim petition was based was an indirect inguinal hernia of effort and in addition thereto an injury to the scrotal muscle. The employer and his insurance carrier defended on two grounds: (a) That claimant had not overcome the statutory presumption created by the further amendment of April 13, 1927, P. L. 186, 189, to section 306 of our Workmen's Compensation Act of June 2, 1915, P. L. 736; and (b) That notice was not given to the employer "within forty-eight hours after the occurrence of the accident." Upon the appeal of the employer and his insurance carrier to the board, the findings of fact, conclusions of law, and award were affirmed and an appeal was then taken to the court below. That tribunal, in an opinion by LARRABEE, J., held there was sufficient legally competent evidence to support the findings of the referee relative to the accident and its results, and that as the prescribed period of forty-eight hours ended on a Sunday, notice to the employer on the following Monday morning was a sufficient compliance with the amendment, and entered judgment on the award. The present appeal is by the employer and insurance carrier from that judgment. The applicable findings of fact of the referee read:

"1. That the claimant, Harry R. Mulligan, was em-

ployed as a boilermaker, setting up boilers, by E. Keeler Company, boiler manufacturers, at Williamsport, Lycoming County, Pa., on Friday, April 8, 1932, and for some time prior thereto; that on this date, at about 3:45 P. M., as claimant was setting up a boiler, weighing 12,000 pounds, and was lifting with a bar, the bar slipped, and he immediately felt kind of a cramp and a stinging pain in his left inguinal region, which made him feel half sick at his stomach; he stood there for about ten minutes until the pain eased up some, and did not do anything more the balance of the afternoon, except to watch the other men to see that they did the work; April 8, 1932, was the last day that claimant worked, and the pain continued and by Saturday night, April 9, 1932, the swelling got so bad that on Sunday morning, April 10, 1932, he called Dr. E. Lloyd Rothfuss of the Rothfuss Clinic, Williamsport, Pa., in attendance, and it was found that claimant had a great deal of soreness over his left inguinal region, a little bulging through the canal, also a slight hemorrhage along the muscles of the scrotum; the operation on April 18, 1932, showed there was a hernia between the canals, the external and internal, also a ruptured vessel extending down along the muscle into the scrotum.

"2. Claimant was not able to get hold of his employers on Sunday, April 10, 1932, when he first saw the doctor, but on Monday morning, April 11, 1932, he reported his injury to the person in charge; claimant was admitted to the Rothfuss Clinic, Williamsport, Pa., on April 16, 1932, where he was operated on April 18, 1932, by Dr. E. Lloyd Rothfuss, for an indirect inguinal hernia; . . . . . . .

"3. That your referee finds as a matter of fact, that the claimant, Harry R. Mulligan, met with an injury by accident on April 8, 1932, while in the course of his employment, in the nature of an indirect left

inguinal hernia, also a ruptured vessel extending down along the muscle into the scrotum, which disabled him from April 9, 1932, up to June 20, 1932.''

The referee's conclusions of law were that, as the accident occurred on the afternoon of April 8, 1932, and April 10th was a Sunday, notice to the employer on Monday morning, April 11th, was a compliance with the requirement of the amendment, and that claimant was entitled to compensation.

We agree with the court below that this record contains competent, precise, and convincing evidence sufficient to rebut the presumption that the hernia had developed gradually from physical weakness or ailment. An excerpt from the testimony of the operating surgeon reads: ''Q. What did he [claimant] have when he came to you? A. He had a great deal of soreness over his left inguinal region, there was a little bulging thru the canal, and also a slight hemorrhage along the muscle to the scrotum. That is what gave him so much pain. Q. Doctor, did you diagnose it at the time of your first examination as a hernia? A. As a hernia plus; he had more than a hernia. I found more than I expected to. Q. You operated the 18th of April? A. Yes. Q. What did you find then? A. Found a hernia between the canals—the external and the internal; also a ruptured vessel extending down along the scrotal muscle into the scrotum. Q. What sort of a hernia do you call this? A. Indirect inguinal hernia. Q. It didn't come straight thru the two rings? A. No, it hadn't gotten thru both rings, but it was in between and that hemorrhage occurred. Q. Doctor, in your opinion was this condition the result of an accident or trauma? A. It was—it was of very recent origin. ......''

The observations of this court in Rouleau v. P. Hughes and Son et al., 100 Pa. Superior Ct. 390, 394, are applicable to the case at bar.

The injury here was more than a hernia and the award could be sustained upon that ground alone. It is not necessary, however, to rest the affirmance of the judgment upon the extent of the injury. Considering the injury merely as a hernia, 'we think the notice to the employer was timely. The provision that notice must be given within forty-eight hours after the occurrence of the accident is mandatory; it was evidently based upon common knowledge that if a hernia is actually caused, or seriously aggravated, by an accident, the employe would naturally be obliged to quit work and seek medical attention within the time fixed by the amendment; its purpose was to prevent stale claims—not to compel an injured and suffering employe to search for and find his employer or superintendent on Sunday, under penalty of having his claim, no matter how meritorious, rejected. The legislature never intended, by the enactment of this amendment, to place a weapon in the hands of employers and their insurance carriers with which they might, when so inclined, pervert the spirit of the act, defeat its beneficent purposes and subject an employe to a gross injustice.

Even if we had no statute regulating the computation of time under other statutes, etc., there would not be the slightest merit in this appeal.

But the Act of June 20, 1883, P. L. 136, provides, inter alia, that when the last day of "any such period [of time]" as is prescribed by any law, rule of court, etc., shall fall on Sunday, or a legal holiday, such day shall be omitted from the computation. See Lutz's Appeal, 124 Pa. 273, 16 A. 858; Herr v. Moss Cigar Co., 237 Pa. 232, 85 A. 151; and Ehrhart v. Esbenshade, 233 Pa. 18, 81 A. 814.

We are not impressed by the argument of appellants that the Act of 1883 should not be considered as applicable here because it refers to time as measured

in days while the hernia amendment fixes a period of time expressed in hours.

That is equivalent to saying that when the legislature used the expression "within forty-eight hours" rather than "within two days," it did so with the deliberate intent of excluding injured and disabled employes from the protection of the general rule. When we consider the general scope and expressed purpose of our compensation law, we are not willing to attribute any such intention to the legislature. On the contrary, we concur with the views thus expressed by the court below :

"Furthermore, this court does not believe that it was the intention of the legislature to make an employer, under the Workmen's Compensation Act, such a pronounced favorite under the law as to exempt him from the provisions of the said Act of June 20, 1883, and which otherwise applies to interested parties in such vitally important matters as reviving judgments, filing notice of mechanic's liens, and many other acts involving property rights, and which our appellate courts have repeatedly held are covered by the provisions of the said Act of June 20, 1883, as to the performance of an act where the final day for doing same falls on Sunday."

The award of the referee should have been paid without delay; the insurance carrier never had any substantial ground for its repeated appeals. Our only criticism of the judgment is that it does not include interest as provided by Section 5 of the amendatory Act of April 13, 1927, supra, construed by this court in Morris v. Bulletin Co., 110 Pa. Superior Ct. 377, 168 A. 777, and the record will be remitted to the end that the judgment may be modified to include interest.

Judgment affirmed as modified.