Russell, Appellant, *v.* Ralston et al.

Argued October 5, 1938.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, PARKER and RHODES, JJ.

*Alexander F. Barbieri,* for appellant.

*John B. Martin,* with him *Duane, Morris & Heckscher,* for appellee.

OPINION BY CUNNINGHAM, J., December 16, 1938:

The appeal in this workmen's compensation case is by the claimant from a judgment entered by the court below in favor of the employer and its insurance carrier, following the disallowance of compensation by the referee and board. Claimant's petition, filed April 16, 1937, was based upon Section 306(g) of the Workmen's Compensation Act of June 2, 1915, P. L. 736, as amended April 13, 1927, P. L. 186, 77 PS §652, and sought compensation for disability resulting from a hernia alleged to have been precipitated by a severe strain suffered while handling, in the course of his employment, a roll of carpet weighing seven hundred pounds. Paragraph (g), applicable to all accidents occurring subsequent to December 31, 1927, reads:

"(g) Hernia shall be considered as a physical weakness or ailment, which ordinarily develops gradually, and shall not be compensable, unless conclusive proof is offered that the hernia was immediately precipitated by such sudden effort or severe strain that: first, the descent of the hernia immediately followed the cause; second, there was actual pain in the hernial region; third, the above manifestations were of such severity that the same were immediately noticed by the claim-

ant and communicated to the employer, or a representative of the employer, within forty-eight hours after the occurrence of the accident."

It was found by the referee, after a hearing on May 25, 1937, that claimant's injury occurred on March 12, 1937; that he was partially disabled as a result thereof; and that his proofs met all the requirements of the section except the final one—the giving of notice "to the employer, or a representative of the employer, within forty-eight hours after the occurrence of the accident." That provision of the statute is mandatory: *Mulligan v. E. Keeler Co.,* 112 Pa. Superior Ct. 261, 265, 170 A. 311. The record contains distinct, and uncontroverted, findings by the referee, adopted by the board, that the required notice was not given within the prescribed period, and it is expressly stated that compensation was refused solely because notice was not given until March 18, 1937.

The first, and controlling, proposition advanced by counsel for appellant is that notice within forty-eight hours was not required in this case because the so-called "Hernia Amendment," above quoted, was repealed between the date of the accident—March 12, 1937—and the time the board finally disposed of the claim—March 1, 1938—by reason of its omission from the Act of June 4, 1937, P. L. 1552, re-enacting and amending The Workmen's Compensation Act of 1915.

As provided in Section 507 of the amendatory act (P. L. 1594, 77 PS §1, note) its effective date, with an exception not here applicable, was January 1, 1938.

By Section 506, two acts therein specified are expressly repealed and a general repealing clause—"All other acts and parts of acts inconsistent with the provisions of this act are hereby repealed"—added.

The question of law involved upon this appeal is whether the hernia amendment, added to our Workmen's Compensation Act in 1927 and eliminated from

it as of January 1, 1938, was merely procedural or, on the contrary, related to the substantive and contractual rights of employers and their employees. Counsel for the appellant in his able brief concedes this to be the issue and frankly states therein: "Claimant readily admits that the new act did not become effective until January 1, 1938, and that it in no wise can enlarge or affect the substantive rights herein involved. It is likewise conceded that if the notice provision in Section 306(g) was substantive, this appeal is without merit."

The contention in behalf of appellant is that the various requirements of the hernia amendment, including the giving of notice within forty-eight hours, were "purely procedural," in that they merely prescribed certain "rules of proof." If the amendment in question related merely to matters of procedure, appellant is justified in contending that its repeal during the progress of the litigation arising out of his claim relieved him of the necessity of proving the giving of notice within forty-eight hours, and, as notice was given within thirty days after the accident (Section 311, Act of 1937, P. L. 1571), he is entitled to have his claim disposed of upon its merits: *Kuca v. Lehigh Valley Coal Co.*, 268 Pa. 163, 110 A. 731; and *DeJoseph v. Standard Steel Car Co. et al.*, 99 Pa. Superior Ct. 497.

The amendments held in these cases to be applicable to litigation existing at the time they became effective were to sections of Art. IV of the statute which expressly relates to "procedure." The hernia amendment, on the other hand, was made to a Section (306) of Art. III which sets forth the schedules of the amounts of compensation payable under a great variety of circumstances.

We think it clear that the hernia amendment dealt with certain substantive and contractual rights of the parties to this litigation and that these contract obliga-

tions would be impaired if compensation were awarded in this case.

By the following, unamended, provision of the Act of 1915 the terms of that statute including the hernia amendment were written into the contract of hiring between the defendant employer and the claimant employee in this case:

"Section 302.(a) In every contract of hiring made after December thirty-first, one thousand nine hundred and fifteen, and in every contract of hiring renewed or extended by mutual consent, expressed or implied, after said date, it shall be conclusively presumed that the parties have accepted the provisions of article three of this act, and have agreed to be bound thereby, ......"

Under this statutory contract, the employer agreed, inter alia, with appellant that if the latter suffered an accidental injury in the course of his employment the former would compensate him, in accordance with the schedules prescribed in Section 306, for any partial or total resulting disability; or for any permanent injury within paragraph (c) by payment of the definite amount therein specified.

By the amendments of 1927 there was written into the contract a specific provision to the effect that the derangement of the physical structure of the body commonly described as a "rupture," although it may have occurred during the course of the victim's employment, shall "be considered as a physical weakness or ailment, which ordinarily develops gradually," and will not be deemed a compensable "injury" unless the employee adduces "conclusive proof" of the "manifestations" set out in the amendment and that notice was given "within forty-eight hours after the occurrence of the accident": *Berner v. P. & R. C. & I. Co.*, 100 Pa. Superior Ct. 324.

Under the uncontroverted facts in this case the rights of the parties became fixed at the expiration of forty-

eight hours after the occurrence of the accident. By reason of claimant's failure to give the required notice within that period, no legal basis for his present demand for compensation ever came into existence. The most that can be said in his behalf is that he may have had an inchoate claim during the period, but it never ripened into a cause of action. We are not here dealing with a period of limitation, but with a condition precedent to a valid claim for compensation.

Having disposed of the appeal upon this ground, it is unnecessary to consider the other matters discussed in the briefs.

Judgment affirmed.