## Balitski v. Springfield Coal Co.

*Llewellyn Lloyd* and *George Jerko*, for claimant.
*Francis Dunn*, for defendant.

McCANN, P. J., November 30, 1942.—This is an appeal from the decision of the Workmen's Compensation Board, in which it reversed the findings of fact, conclusions of law, and order of Referee Schwing. There is but one question involved in the case as it now appears before us, and that is whether or not notice was given within 48 hours after the occurrence of the accident.

The Pennsylvania Workmen's Compensation Act of June 21, 1939, P. L. 520, sec. 306 ($h$), provides:

"Hernia shall be considered as a physical weakness or ailment, which ordinarily develops gradually, and shall not be compensable, unless incontrovertible proof is offered that the hernia was at once precipitated by sudden effort or severe strain and that: first, the descent of the hernia followed the cause without intervening time; second, there was actual pain in the hernial region at the time of descent; third, the above manifestations were of such severity that the same were noticed at once by the claimant, necessitating im-

mediate cessation of work, and communicated to the employer or a representative of the employer within forty-eight hours after the occurrence of the accident."

It is not necessary for us to consider anything except the question of notice.

Claimant went to work on Friday night, November 17, 1939, at about 11 p.m. and about 3:30 or 4 a.m. on November 18, 1939, the accident occurred. On Monday evening, November 20, 1939, he went to see Dr. Dunnick, the defendant company doctor, at about 6.30 or 7 p.m., who told him he was ruptured. Claimant went to work on the Monday night shift and said that he reported the accident to his boss when he made his run shortly after midnight, or about 1 a.m. Tuesday. He continued working until December 15th, when he was forced to stop because of the hernia.

The provision that notice must be given within 48 hours is mandatory: Mulligan v. E. Keeler Co., 112 Pa. Superior Ct. 261. It was argued on behalf of claimant that because of the intervention of Sunday the notice was on time. If the 48-hour period had expired on Sunday, which intervened, the case would come under the rulings of Mulligan v. E. Keeler Co., supra, Renaldi v. Buenning et al., 113 Pa. Superior Ct. 500, and other cases; but here the 48-hour period did not expire on Sunday, it elapsed at 4 a.m. on Monday. The evidence showed that someone was in the company office all day Saturday and that the mine worked all day Monday, yet the first possible notice claimant gave was when he reported to the company doctor at 6:30 p.m. Monday, and the first notice given to the foreman was at about 1 a.m. Tuesday. The board properly found that the notice was not within the 48 hours as required by the act.

## Decree

And now, November 30, 1942, after argument and due consideration, the appeal is dismissed and judgment is directed to be entered in favor of defendant.