## Commonwealth, to use, v. Roat et al.

*George L. Fenner*, for intervening plaintiff.

*Robert J. Doran*, for defendants.

VALENTINE, J., April 10, 1931.—This is a suit on a bond given by a contractor engaged in the construction of a state highway under the provisions of the Act of May 31, 1911, P. L. 468, and the supplementary Acts of May 16, 1921, P. L. 650, and May 7, 1929, P. L. 1590, providing:

"Where suit is instituted by any of such creditors on the bond of the contractor, it shall not be commenced until after the complete performance of said contract and final settlement thereof with the Commonwealth, and shall be commenced within one year after the performance and said final settlement of said contract, and not later. Where suit is so instituted by a creditor or creditors, no other action shall be brought by any other creditor, but any other creditor may file his claim in the action first brought and be made a party thereto within one year from the completion of the work under said contract, and not later."

It is conceded that the work under the contract was completed and final settlement made with the Commonwealth on February 23, 1929. The summons was issued and plaintiff's statement filed January 21, 1930.

On February 24, 1930, the statement of Edward G. Chapin, doing business as the Chapin Lumber Company, intervening plaintiff, was filed.

The main position urged by counsel for the defendant surety is that the intervening plaintiff did not move in the required time and that his statement was filed too late, viz., more than one year after "the completion of the work."

The settlement with the Commonwealth was made February 23, 1929. The statement of the intervening creditor was filed February 24, 1930. February 23, 1930, fell upon a Sunday and is to be excluded from the computation.

"Where an act of assembly requires a thing to be done within a certain time from a prior date, and deprives the party of a right for omitting it, the day from which the count is to be made should be excluded in computing the time within which the act may be done.

"Where, in such case, the last day on which said act might be done falls on Sunday, that day, being dies non-juridicus, is also to be excluded from the computation, and the party has the whole of the following day on which to perform such act:" Edmundson *v.* Wragg, 104 Pa. 500.

In Goswiler's Estate, 3 P. & W. 200, it was held that "whenever, by a rule of court or act of the legislature, a given number of days are allowed to do an act, or it is said an act may be done within a given number of days, the day on which the rule is taken or the decision made is excluded, and if one or more Sun-

580

days occur within the time, they are counted, unless the last day falls on Sunday, in which case the act may be done on the next day." This principle has also been recognized in McKinney v. Reader, 6 Watts 34; Harker v. Addis, 4 Pa. 515, and Marks's Exec'rs v. Russell, 40 Pa. 372. It follows that the filing of the statement on February 24, 1930, met the legal requirements of filing it "within one year" provided for in the section of the act above referred to.

The other objection urged, viz., that the statement did not aver "that the articles delivered to H. C. Kersteen & Co. were used by them in connection with the construction of the state highway in question, or that they remained upon completion of the contract a component part of the finished whole," has been dispensed with by the granting of a rule to amend the statement by adding a specific averment "that the materials furnished as aforesaid were used within and about the construction of said highway and bridges and same did remain on completion of the contract a component part of the finished whole."

Questions of law raised by the affidavit of defense are decided against the defendant. From Frank P. Slattery, Wilkes-Barre, Pa.