# Gregg's Estate.

*Wills—Charitable bequests—Computation of time—Calendar month—Act of April 26, 1855, P. L. 328.*

A will containing a charitable bequest was executed on October 8, 1899, between the hours of 3 and 5 o'clock P. M. Testatrix died on November 8, 1899, between the hours of 7 and 8 o'clock P. M. *Held,* that the will was executed within one calendar month from the death, and that the charitable bequest failed.

A calendar month is not one of any given number of days throughout the entire year, but varies in length according to the Gregorian calendar. A calendar month beginning in February, except in leap year, is of twenty-eight days duration; one beginning in April, June, September or November is of thirty days, and one beginning in either of the other seven months, of thirty-one days.

The Act of April 26, 1855, P. L. 328, is for the protection of a testator for the last full calendar month of his life against yielding to any influences during that period which may unduly lead him to devote his estate, or any portion of it, to religious or charitable uses. It must be literally read and strictly construed, if effect is to be given to the legislative intent, and cannot be stretched to save a bequest clearly intended by the act to be void. Charitable or religious institutions claiming bequests or devises must bring themselves within it. As between them and the next of kin of a deceased there are no equities, and the rights of each are such only as are given by the statute.

Argued Oct. 20, 1905. Appeal, No. 96, Oct. T., 1905, by Washington Hospital, from decree of O. C. Washington Co., Nov. T., 1904, No. 9, refusing petition to sell real estate in Estate of Mary A. Gregg, deceased. Before MITCHELL, C. J.,

FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Petition by Washington Hospital et al. to sell real estate. Before TAYLOR, J.

The opinion of the Supreme Court states the case.

*Error assigned* was decree of the court refusing the petition.

*Andrew M. Linn*, with him *William A. Way*, for appellant.— Where a right exists by law, dependent upon an element of time, the time will be computed by the method most valuable to the existence of such right, being extended to its utmost possibility when the continuance of the right is dependent upon something done or to be done during or within a certain time and contracted to its smallest bounds where the performance is required at or beyond a certain time: Cromelien v. Brink, 29 Pa. 522; Cascade Overseers v. Lewis Overseers, 148 Pa. 333; Ex parte Dean, 2 Cowen, 605; Cornell v. Moulton, 3 Denio, 12; Lester v. Garland, 15 Vesey Jr. 248; Socks's Est., 15 Pa. Superior Ct. 281.

The record in this case shows that as an actual physical fact thirty-one full days and at least three hours intervened between the time of the execution of the will and the decedent's death. The court below proceeded upon the theory that the testatrix must be presumed to have occupied the whole of October 8 in making the will and the whole of November 8 in dying. This presumption is founded upon the ancient and moss-grown maxim that the law does not recognize fractions of a day. As a matter of fact, from the time of Coke and Blackstone fractions of a day have been recognized and cognizance has been taken of the exact hour of an occurrence whenever the necessities of the case have required in order to prevent injustice: Maynard v. Asher, 17 Pa. 222; Mechanics' Bank v. Gorman, 8 W. & S. 304; Long's App., 23 Pa. 297; Small's App., 24 Pa. 898; Patterson's App., 96 Pa. 93; Louisville v. Portsmouth Savings Bank, 104 U. S. 469.

*John H. Murdoch*, with him *Edgar B. Murdoch*, for appellee. —The language of the section is " at least one calendar month,

before the decease of the testator or alienor." What is a calendar month? In different cases this court has decided that a calendar month is a month varying in length from twenty-eight to thirty-one days, according to the common calendar in general use. In the case of Parker's Estate, 14 W. N. C. 566, this question is directly ruled under the section. Therefore, as the will in this case was executed on October 8, and as October is a month having thirty-one days, it would be necessary under the provisions of the act of 1855 that thirty-one days at least must intervene between the execution of the will and the time of the decease of the testator, otherwise the legacies are void: Kane v. Com., 89 Pa. 522.

In ascertaining the meaning and making application of sec. 11, of the act of 1855 to the case in hand, full regard must be given to the language and all the language used by the lawmakers. It is not such a case as we often find in our laws requiring a certain act to be done " within " a fixed and limited period, for in such case if the act be done at any time before the period has actually expired, it is in time. Here, however, the legislature forbids the doing of an act and provides that a certain period of time " at least " must intervene between two acts or periods of time, otherwise the will shall be void: Roberts v. Wilcock, 8 W. & S. 464; Carl's App., 106 Pa. 635; Davis v. Davis, 128 Pa. 100; Scheibner v. Baer, 174 Pa. 482; Socks's Est., 15 Pa. Superior Ct. 281.

OPINION BY MR. JUSTICE BROWN, January 2, 1906:

The will of Mary A. Gregg, under which the Washington Hospital claims a charitable bequest, was executed on October 8, 1899, between the hours of 3 and 5 o'clock P. M. She died on November 8, of the same year, between the hours of 7 and 8 o'clock P. M., and the single question raised on this appeal is whether the bequest to the appellant is defeated by the Act of April 26, 1855, P. L. 328.

By the eleventh section of the act it is declared " that no estate, real or personal, shall hereafter be bequeathed, devised, or conveyed to any body politic, or to any person in trust for religious or charitable uses, except the same be done by deed or will, attested by two credible, and, at the time, disinterested witnesses, at least one calendar month before the de-

cease of the testator or alienor; and all dispositions of property contrary hereto, shall be void and go to the residuary legatee or devisee, next of kin, or heirs, according to law." A calendar month is not one of any given number of days throughout the entire year, but varies in length according to the Gregorian calendar. A calendar month beginning in February, except in leap year, is of twenty-eight days' duration; one beginning in April, June, September or November is of thirty days, and one beginning in either of the other seven months, of thirty-one days. As the calendar month to elapse between the date of the execution of this will and the death of the testatrix was one of thirty-one days, the bequest made to the appellant is void, unless, after the will was executed in the manner directed by the statute, "at least" that number of days intervened before her death.

In the elaborate brief submitted by counsel for the appellant decisions by courts in this country and in England have been cited upon the general principles regulating the computation of time, and, in the light of some of them, we are asked to disturb the decree below and declare the bequest operative. We are not, however, dealing with general principles or rules of construction, but with the express words of a statute, which cannot be overridden, even in the furtherance of what may seem to be justice. The fiction of the law that a day has no fractions yields at times, when equity requires that hours be counted, or that the exact time a thing is done be noted, but never when the duration of time, as fixed by a statute, is free from all doubt. "At least one calendar month" must elapse between the execution of a will containing a charitable bequest and the death of the testator, if the bequest is to be valid. The meaning of the words "at least" is "in the smallest or lowest degree; at the lowest estimate, or at the smallest concession or claim; at the smallest number:" 4 Cyc. of Law & Proc., 366. In declaring that "at least one calendar month" must elapse between the execution of a will containing a charitable bequest and the death of the testator, the manifest meaning of the statute is that such a month must fully elapse between the dates of the two events. A calendar month is made up of days—in this case, of thirty-one days. These are full, clear thirty-one days, not thirty days and fractions of two

other days, making in hours another day, and, with the other thirty, thirty-one days, but thirty-one separate and independent days, the first beginning when October 8 ended, at midnight, and the last ending at the close of November 8, at midnight. The computation in hours which the appellant makes, from 5 P. M. October 8, to 8 P. M. November 8, it is true, would make in hours thirty-one and one-eighth days; but this is not the computation contemplated by the statute. It is "at least a calendar month," made up, at certain seasons of the year, of a certain number of full, clear days, and that kind of a month did not intervene between the execution of this will and the death of the testatrix. "When so many 'clear days' or so many days 'at least' are given to do an act, or 'not less than' so many days must intervene, both the terminal days are excluded:" Endlich on Interpretation of Statutes, sec. 391.

The act of 1855 is for the protection of a testator for the last full calendar month of his life against yielding to any influences during that period—so often a susceptible one—which may unduly lead him to devote his estate, or any portion of it, to religious or charitable uses. It must be literally read and strictly construed, if effect is to be given to the legislative intent, and cannot be stretched to save a bequest clearly intended by the act to be void. Charitable or religious institutions claiming bequests or devises must bring themselves within it. As between them and the next of kin of a testator there are no equities, and the rights of each are such only as are given by the statute.

As the meaning of the words of the act under consideration is so plain, we do not deem it necessary to apply the rule as to the computation of time, nor refer to the Act of June 20, 1883, P. L. 136, declaratory of it, requiring the exclusion of the day on which an act is done. Under that rule, with October 8 excluded, the full calendar month would not have expired until the end of November 8.

Decree affirmed and appeal dismissed at cost of appellant.