## Biever v. Troiano.

*Justice of the peace—Jurisdiction—Actions of trespass.*

1. A record of a justice of the peace which shows merely that the action was brought "to recover damages for injury done to four cows," is fatally defective, as not showing the character of the trespass complained of.

2. While courts are not very critical in dealing with the records of justices of the peace, there are certain requirements which cannot be dispensed with. Such a requirement is that the record must affirmatively show the jurisdiction of the justice.

*Practice, J. P.—Summons—Return—Five days.*

3. A summons issued by a justice of the peace is returnable "not more than eight nor less than five days after" its date. The five days contemplated are five full, clear and separate days which must intervene between the date of issue of the summons and the return-day. Both return-day and day of issue must be excluded in the computation of the five days.

*Certiorari* to justice of the peace. C. P. Dauphin Co., Sept. T., 1921, No. 599.

*Maurice R. Metzger,* for exceptions; *E. M. Hershey,* contra.

WICKERSHAM, J., June 22, 1922.—The plaintiff brought suit before Richard B. Earnest, a justice of the peace in and for the County of Dauphin, residing at Hummelstown, Pa., in an action of trespass to recover damages for injuries to four cows. It appears from the transcript of said justice, filed to the

number and term above set forth, that the suit was founded upon "action of summons in trespass for injury done on personal estate, for damages not exceeding $300." The summons was issued by the justice of the peace Nov. 14, 1921, returnable Saturday, Nov. 19, 1921. The return was in the usual form. We quote from the transcript of the justice:

"November 19, 1921, five o'clock P. M., plaintiff appears; defendant does not appear. Plaintiff demands $276.63 damages for injury done to four cows. E. M. Hershey, attorney, appeared for plaintiff. Plaintiff sworn; witnesses sworn. After hearing proofs and allegations, judgment given publicly by default in favor of the plaintiff and against the defendant for $276.63 and costs of suit."

A *certiorari* to this record was issued Dec. 17, 1921.

Counsel for the defendant filed five exceptions to the transcript returned by the justice, as follows:

1. Suit was brought "in trespass for injury done on personal estate for damages." In the course of the transcript the following appears: "Plaintiff demands $276.63 damages for injury done to four cows." It is respectfully submitted that this record is defective because it gives no information as to the character of the trespass complained of. This must appear affirmatively, and if it does not appear affirmatively, the justice has no jurisdiction.

2. The claim being for consequential damages, the justice was without jurisdiction.

3. The record does not support the judgment, nor does it show jurisdiction.

4. The summons was issued Nov. 14, 1921, and made returnable Nov. 19, 1921, which was less than five days, as required by the Act of March 20, 1810, § 2, 5 Sm. Laws, 161.

5. Judgment was given by default for $276.63 and costs of suit. Under the circumstances, judgment by default was not proper.

We will consider the first three exceptions together, as they all raise the question of lack of jurisdiction on the part of the justice of the peace to entertain this suit.

The transcript shows that this suit was brought to recover damages for injury done to four cows. It does not appear from the record what injury was done to the four cows, how it was done, or by whom. The record must distinctly show the cause of action, the demand of the plaintiff and the nature of the claim on which the particular action is founded: Jervis v. McFarlan, 1 Ches. Co. Reps. 137. While the courts are not very critical in dealing with the records of justices of the peace, and much allowance must be given for the fact that these officers are usually unlearned in the niceties of the law, there are, however, certain requirements which cannot be dispensed with. The record must affirmatively show the jurisdiction of the justice.

"When the damages are direct and result from a wilful injury to personal property, it is trespass *vi et armis*, and within the jurisdiction of the justice; but when the damages are consequential and the injury is occasioned by the negligence or carelessness of another, then it is an action of trespass on the case, and the remedy is in the Court of Common Pleas and not before a justice of the peace:" Grosky v. Wright, 2 Kulp, 415; Thilow v. Philadelphia Traction Co., 4 Dist. R. 83.

As has been seen, the record gives us no information of the character of the trespass complained of; we cannot say whether the injury done to the four cows amounted to trespass *vi et armis*, or whether the damages were consequential. For these reasons, the record is fatally defective and the proceedings must be reversed.

2 D. & C.

Biever v. Troiano.

Having sustained the first three exceptions filed by the defendant, it is not essential that we should consider the fourth, to wit, that the summons was issued Nov. 14, 1921, and made returnable Nov. 19, 1921, which was less than five days required by the Act of March 20, 1810, § 2, 5 Sm. Laws, 161; but this exception raises a very important question of practice about which many members of the bar appear to hold opinions at variance with the conclusion we have reached; we think the matter should now be set at rest. We will, therefore, proceed to consider and pass upon the said fourth exception.

In Gregg's Estate, 213 Pa. 260, a charitable bequest was executed on Oct. 8, 1899, between the hours of 3 and 5 o'clock P. M. Testatrix died on Nov. 8, 1899, between the hours of 7 and 8 o'clock P. M. Held, that the will was executed within one calendar month from the death and the charitable bequest failed. Discussing the question of computation of time, it was said by Mr. Justice Brown (page 263): "The fiction of the law that a day has no fractions yields at times, when equity requires that hours be counted, or that the exact time a thing is done be noted, but never when the duration of time, as fixed by a statute, is free from all doubt. 'At least one calendar month' must elapse between the execution of a will containing a charitable bequest and the death of the testator, if the bequest is to be valid. The meaning of the words 'at least' is 'in the smallest or lowest degree; at the lowest estimate, or at the smallest concession or claim; at the smallest number:' 4 Cyc. of Law and Proc., 366. In declaring that 'at least one calendar month' must elapse between the execution of a will containing a charitable bequest and the death of the testator, the manifest meaning of the statute is that such a month must fully elapse between the dates of the two events. A calendar month is made up of days—in this case, of thirty-one days. These are full, clear thirty-one days, not thirty days and fractions of two other days, making in hours another day, and with the other thirty, thirty-one days, but thirty-one separate and independent days, the first beginning when Oct. 8th ended, at midnight, and the last ending at the close of Nov. 8th, at midnight. The computation in hours, which the appellant makes, from 5 P. M., Oct. 8th, to 8 P. M., Nov. 8th, it is true, would make in hours thirty-one and one-eighth days; but this is not the computation contemplated by the statute. It is 'at least a calendar month,' made up, at certain seasons of the year, of a certain number of full, clear days, and that kind of a month did not intervene between the execution of this will and the death of the testatrix. 'When so many 'clear days,' or so many days 'at least,' are given to do an act, or 'not less than' so many days must intervene, both the terminal days are excluded:' Endlich on Interpretation of Statutes, § 391."

This question was most carefully and thoroughly discussed by President Judge Smith, of Clearfield County, in the matter of Conoway v. Smith, 16 Dist. R. 501, whose reasoning is so logical as to enforce in our minds the conviction that his conclusion is correct. In this case it is held:

"Under the Act of March 20, 1810, § 2, 5 Sm. Laws, 161, providing that the summons of a justice shall command the defendant to appear 'on a certain day therein to be expressed, not more than eight or less than five days after' its date, five full, clear and separate days must intervene between the date of issue and the return-day. The return-day and day of issue must both be excluded in the computation.

"The rule that when so many days 'at least' are given to do an act, or 'not less than' so many days must intervene before an act is done, both the terminal days are excluded, has not been changed by the Act of June 20, 1883, P. L. 136:" Hartman v. Heisey, 22 Lanc. Law Rev. 319; Shultz v. Cohn,

15 Dist. R. 52; Killian v. Rishell, 14 Dist. R. 374; Fleming v. Oslek Council, 21 Dist. R. 458.

We conclude, therefore, that when the summons in this case was issued by Squire Earnest on Nov. 14, 1921, it should have been made returnable "*not more than eight nor less than five days after*" its date. The first day began at midnight, Nov. 14, 1921, and the fifth day ended at midnight, Nov. 19, 1921, but the summons was made returnable Nov. 19, 1921. The return was, therefore, premature, and for this reason, also, the exception must be sustained.

We do not find it necessary to pass upon the fifth exception; what we have said with respect to the first four supplies a sufficient basis for our final conclusion.

And now, June 22, 1922, the first four exceptions are sustained, the proceedings of the justice are set aside, and judgment for costs is entered for the defendant and against the plaintiff.

From William Jenkins Wilcox, Harrisburg, Pa.