## Wilver v. Keim.

*Justices of the peace—Summons—Return—Act of March 20, 1810.*

1. Under section 2 of the Act of March 20, 1810, 5 Sm. Laws, 161, in computing the time which must elapse between the date of a summons issued by a justice of the peace and its return-day, both the terminal days are excluded.

2. A summons issued by an alderman of the City of Harrisburg was dated June 11, 1925, returnable June 16, 1925: *Held,* that the alderman was without jurisdiction because the summons was returnable too soon.

Exceptions to judgment of alderman. C. P. Dauphin Co., June T., 1925, No. 242.

*Stroh & McCarrel,* for plaintiff; *Metzger & Wickersham,* for defendant.

HARGEST, P. J., Feb. 15, 1926.—This case arises upon exceptions to the judgment of an alderman. The summons was issued June 11, 1925, and made

Wilver v. Keim.

returnable June 16, 1925. It is claimed that the alderman had no jurisdiction because the summons was made returnable too soon. This involves the interpretation of section 2 of the Act of March 20, 1810, 5 Sm. Laws, 161, Penna. Stat., § 13,036, which provides that a summons issued by a justice of the peace shall command the defendant to appear "on a certain day therein to be expressed, not more than eight nor less than five days after the date of the summons." Notwithstanding this statute is nearly one hundred and sixteen years old, and has been the subject of many judicial interpretations, the question of its meaning is still disputed. It demonstrates the lack of precision in our language, as well as the difficulties of exact judicial interpretation.

The question is whether "not more than eight nor less than five days after the date of the summons" means that both the date of issue and the date of return are to be counted in the calculation, or whether both dates are to be excluded from the calculation, or whether one is to be counted and the other excluded. Upon this question the courts, both of original and appellate jurisdiction, have been woefully at sea. In Cromelien v. Brink, 29 Pa. 522, 524, the Supreme Court said: "The man who undertakes to reconcile the English decisions on the legal computation of time will find himself employed in an arduous work;" and Judge Butler, of the Federal Court (E. D. Pa.), in Merritt v. Ona, 44 Fed. Repr. 369, 370, referring to the Pennsylvania decisions, added: "The remark may be applied with equal truth to the American decisions."

In Barber v. Chandler, 17 Pa. 48 (1851), the Supreme Court, construing this identical section, and relying on some English decisions, held that "the day of issuing as well as of return are to be counted." But seven years later, the Supreme Court, construing the act upon a different subject and referring to later English decisions, said that they laid down "the uniform rule that the first day is to be excluded and the last included."

The court also said: "At an early period and before the English decisions last cited, this rule was adopted in Pennsylvania; . . . but while the English decisions have thus been approaching the ground occupied in Pennsylvania, it is much to be regretted that in our recent cases a disposition has been shown to return to the antiquated rule of the common law. I refer to . . . Barber v. Chandler, 17 Pa. 48, respecting the return of a summons issued by a justice of the peace. In these cases it seems unfortunate that the recent English and American decisions were not brought to the court's attention:" Cromelien v. Brink, 29 Pa. 522, 524.

This language has been construed by the lower courts to overrule Barber v. Chandler: Killian v. Rishell, 14 Dist. R. 374, 22 Lanc. Law Rev. 79; Goldman v. Teitlebaum, 10 Dist. R. 53. Be that as it may, Barber v. Chandler has not been cited subsequently as authority in the Supreme Court, and the Supreme Court has often announced that where an act of assembly requires a thing to be done within a certain time, the general rule is that, in computing the time, the day from which the count is to be made should be excluded: Duffy v. Ogden, 64 Pa. 240; Edmundson v. Wragg, 104 Pa. 500; Lutz's Appeal, 124 Pa. 273.

It has also been contended that the rule stated in section 1 of the Act of June 20, 1883, P. L. 136, applies to the Act of 1810. The former act provides that where a (thing is required by law to be done within a fixed period of time, "such time in all cases shall be so computed as to exclude the first and include the last days of any such prescribed or fixed period or duration of time." The courts have held that the Act of 1883 is declaratory of existing law: Lutz's Appeal, 124 Pa. 273; Long v. Yeager, 31 Pa. C. C. Reps. 547.

But it has also been held that the Act of 1883 does not apply to fixing return-days: Protzman v. Wolff, 4 Dist. R. 473; Shultz v. Cohn, 15 Dist. R. 52, 22 Lanc. Law Rev. 303. None of the lower courts has invoked the Act of 1883 in interpreting the time fixed under the Act of 1810, except in Salsburg v. Honas, 12 Luzerne Leg. Reg. Rep. 171. In that case, however, while the Act of 1883 was invoked, it was not followed, because it was held that the return-day, which fell on the fifth day, was too soon. As far back as 1872 it was said, in Brenner v. Dombach, 3 Lanc. Bar, No. 40, that "a rule has long since been adopted in Pennsylvania, and also universally adhered to, excluding the day on which the writ issues and including the day on which it is returnable:" Harlan v. Tripp, 7 Dist. R. 382 (1898). In some cases the courts announce the rule that the first day is to be excluded from the count, but exclude also the return-day, which is not inconsistent with the Act of 1883. Prior to 1906, the following cases have excluded both the day of issue and the return-day: Goldman v. Teitlebaum, 10 Dist. R. 53; Shultz v. Cohn, 15 Dist. R. 52, 22 Lanc. Law Rev. 303; Killian v. Rishell, 14 Dist. R. 374, 22 Lanc. Law Rev. 79; Hartman v. Heisey, 22 Lanc. Law Rev. 319. So it will be seen that up to 1906 the courts failed to lay down a definite rule.

In 1906, confusion was again injected into this question. On Jan. 2, 1906, the Supreme Court decided Gregg's Estate, 213 Pa. 260, involving the statute which provides that no estate shall be devised to religious or charitable uses unless the same be done "at least one calendar month before the decease of the testator or alienor." In construing the meaning of the words "at least one calendar month," that court said, on page 264: "When so many 'clear days' or so many days 'at least' are given to do an act, or 'not less than' so many days must intervene, both the terminal days are excluded: Endlich on Interpretation of Statutes, § 391."

The Supreme Court, therefore, definitely laid down the rule that the words "not less than," which are used in the Act of 1810, mean that both the terminal days are excluded; but the Superior Court, on March 12, 1906, construing the Act of 1810, definitely held that "the five days provided by the statute are to be computed by excluding the first day, that of the date of the snummons, and including the last day, that of the return-day of the summons:" Justice v. Meeker, 30 Pa. Superior Ct. 207, 210. Both of these decisions cannot be right. One must be wrong, notwithstanding the refinement of reason with which Judge Reed, in the case of Hughes v. Swartz, 30 Dist. R. 715, 50 Pa. C. C. Reps. 155, endeavored to reconcile them. In passing, we may say that this is the only Common Pleas case which we have found following the Superior Court decision. Since these cases were decided, the following cases have adhered to the Supreme Court rule: Conoway v. Smith, 16 Dist. R. 501; Swarthmore v. Black, 37 Pa. C. C. Reps. 561; Fleming v. Oslek Council, 21 Dist. R. 458; Guyer v. Bender, 4 D. & C. 466, 6 Northumb. Legal J. 180.

This court, speaking through Judge Wickersham, came to the same conclusion in Biever v. Troiano, 25 Dauphin Co. Reps. 426. It is now contended, on the one hand, that Gregg's Estate, 213 Pa. 260, was not before the Superior Court, and that, in any event, we should adhere to the Supreme Court rule. On the other hand, it is contended that, in the case at bar, the Superior Court rule should be adhered to because this is a case which, if appealed, would go to the Superior Court; and, further, because the decision of the Supreme Court, in so far as it applies to the Act of 1810, is obiter dictum, and should not be followed. We are not unmindful that the Supreme Court itself has criticised obiter dictum. In Huber's Estate, 249 Pa. 90, 93, Chief

Justice Brown said: "Such utterances not infrequently become embarrassing, and ought, therefore, to be avoided. It is always well for a court to limit what it says to just what is before it."

Even though the language of the Supreme Court in Gregg's Estate may be considered *dictum*, it, nevertheless, definitely states the principle that "when . . . 'not less than' so many days must intervene, both the terminal days are excluded." The large majority of the Common Pleas Courts have adhered to this principle, both before and since Gregg's Estate was decided. This court has adhered to it, and until the Supreme Court itself announces some other decision with reference to the Act of 1810, we will not disturb our ruling.

For these reasons, we conclude that the alderman did not have jurisdiction of the case, and that the summons issued on June 11, 1925, and made returnable on June 16, 1925, is illegal, because both the day of issue and the day of return were not excluded in the calculation and only four clear days intervene.

Now, Feb. 15, 1926, the exceptions are sustained and the judgment of the alderman reversed.

From George R. Barnett, Harrisburg, Pa.