## Durboraw's Appeal

*Bulleit & Bulleit,* for appellant.
*Swope, Brown & Swope,* for respondent.

SHEELY, P. J., October 23, 1940.—Adelle M. Durboraw, a lawfully - registered elector of Freedom Township, Adams County, removed to and established her residence and domicile in Cumberland Township, Adams County, on September 5, 1940.  On October 2, 1940, she made proper application to the county registration commission to transfer her registration card from Freedom Township to Cumberland Township.  The county registration commission accepted the transfer but refused to include it in the register of Cumberland Township until after the election scheduled for November 5, 1940.  This appeal

from the action of the commission was filed pursuant to the provisions of section 41(a) of The Permanent Registration Act for Boroughs, Towns, and Townships of April 29, 1937, P. L. 487, 25 PS §951-41.

The refusal of the county registration commission to include the registration card of the elector in the register of Cumberland Township until after the general election of November 5, 1940, was based upon section 27(b) of The Permanent Registration Act for Boroughs, Towns, and Townships, supra, which provides that such registration cards shall not be included in the register of the district of the new residence of an elector where the request therefor shows "a removal within the period of two months next preceding an election or primary," and also upon the decision of the Court of Common Pleas of Lancaster County in In re Registration of Maude B. Logan, 45 Lanc. 364, that a prospective elector who moved into a district on September 3rd was not entitled to vote at an election to be held on November 3rd, because she had not resided in the election district at least two months immediately preceding the election as required by article VIII, sec. 1, of the Constitution of Pennsylvania.

Article VIII, sec. 1, of the Constitution of Pennsylvania, as amended November 7, 1933, P. L. 1559, sets forth the qualifications of electors and provides that all citizens 21 years of age and possessing those qualifications "shall be entitled to vote at all elections, subject, however, to such laws requiring and regulating the registration of electors as the General Assembly may enact." The required qualifications are: (1) Citizenship of the United States for at least one month; (2) residence within the State for one year (or if previously a resident, then six months); and (3) "he or she shall have resided in the election district where he or she shall offer to vote at least two months immediately preceding the election." This article of the Constitution confers the right of suffrage upon every citizen possessing the qualifications named. The right of suffrage cannot be denied, qualified, or re-

stricted and is subject only to such regulation of the manner of exercise as is necessary to the peaceable and orderly exercise of the same right by other electors: Independence Party Nomination, 208 Pa. 108 (1904). Any statute which expressly or by necessary operation deprives a qualified elector of his right to vote is unconstitutional and void: McCafferty v. Guyer et al., 59 Pa. 109 (1868); Patterson et al. v. Barlow et al., 60 Pa. 54 (1869).

The provisions of section 27 of The Permanent Registration Act, above cited, providing that the registration commission shall not include the registration card of an elector in the register of the district of his new residence where the request therefor shows a removal within the period of two months next preceding an election or primary must be construed as not requiring residence within the district for a longer period than that required by the Constitution. To construe this section of the statute otherwise would result in the deprivation of a qualified elector of his right to vote and would be unconstitutional under the authorities above cited.

The constitutional provision relating to residence within the district was construed by the Court of Common Pleas of Lancaster County in the case of In re Registration of Maude B. Logan, supra, in which the facts were identical with the facts in the present case. There petitioner moved into a new election district in Lancaster County on September 3, 1936, and sought the right to vote at the election to be held on November 3, 1936. The court, relying upon the opinion of the Supreme Court in Gregg's Estate, 213 Pa. 260, held that the prospective elector had not resided in the election district at least two months preceding the election as required by the Constitution. The Supreme Court in Gregg's Estate, supra, construed a provision of the Act of April 26, 1855, P. L. 328, which provided that no property should be bequeathed, etc., for charitable uses " 'except the same be done by deed or will . . . at least one calendar month before the decease of the

testator or alienor. . . .' ' ". The Supreme Court held that this statute required that at least one calendar month must elapse between the execution of a will containing a charitable bequest and the death of testator if the bequest is to be valid, and that "the manifest meaning of the statute is that such a month must fully elapse between the dates of the two events."

It is to be noted, however, that the language of the statute construed in Gregg's Estate is essentially different from the language of the Constitution specifying the qualifications of electors. As stated by the Supreme Court, the manifest meaning of the statute was that a month must fully elapse between the date of the execution of the will and the date of testator's death, while the Constitution provides in article VIII, sec. 1, that a prospective elector "shall have resided in the election district . . . at least two months immediately preceding the election." If the provision of the Constitution would require that a prospective elector "must have become a resident at least two months preceding the election," the decision in Gregg's Estate would apply. But the constitutional provision does not require any length of time to elapse between the happening of two events, but merely requires that the prospective elector maintain the status of residence for a certain period. If the date on which the status was acquired is to be counted, the two months of residence would be completed on November 4, 1940, but if the date on which the status was acquired is not to be counted, the appellant will not have been a resident of Cumberland Township for at least two months prior to November 5, 1940.

The authority which directly rules the point is Cascade Overseers v. Lewis Overseers, 148 Pa. 333 (1892), wherein it was held that where a man lived on leased premises from the forenoon of April 2, 1890, until the forenoon of April 1, 1891, he had lived there one entire year. To the same effect is Duffy v. Ogden, 64 Pa. 240,

wherein it was held that a lease for one year beginning on April 1st expires on March 31st following.

We must, therefore, respectfully disagree with the Court of Common Pleas of Lancaster County and hold that the date the residence is acquired must be counted and that a person acquiring a residence on September 5th and maintaining that residence until November 5th will have resided in the election district at least two months immediately preceding November 5th.

And now, October 23, 1940, the decision of the Registration Commission of Adams County is reversed and it is ordered that the registration card of Adelle Durboraw shall be included in the register of the election district of Cumberland Township prior to the election to be held on November 5, 1940.