Lancaster City Ordinance Case.

Argued November 30, 1955. Before STEARNE, JONES, BELL, MUSMANNO and ARNOLD, JJ.

472

*William B. Arnold,* for appellant.

*John B. Rengier,* Assistant City Solicitor, with him *Bernard M. Zimmerman,* City Solicitor, *Louis S. May, W. G. Johnstone, Jr.* and *Brown & Zimmerman,* for appellees.

OPINION BY MR. JUSTICE ARNOLD, January 3, 1956:

These two annexation cases were argued together and the appeals, involving a single legal question, will be disposed of in one opinion. The annexations were by ordinances of the City of Lancaster, each of which was introduced before the city council on December 2, 1952, and purported to be adopted on December 5, 1952. They must be declared void.

The Third Class City Code, as amended by the Act of 1951, P. L. 662, §10, 53 PS §12198-1012, provides in part: "No bill shall be passed finally on the same day on which it was introduced. *At least three days shall intervene between its introduction and its final passage.*" (Italics supplied).

Sustaining the validity of the ordinances, the court below relied on the Statutory Construction Act of 1937, Article III, §38, 46 PS §538, which provides: "When any period of time is referred to in any law, such period in all cases, . . . shall be so computed as to exclude the first and include the last day of such period . . ."

But the Legislature could not have used clearer words than in the quoted provision of the Code. Endlich on Interpretation of Statutes, §391, states that "when so many 'clear days' or so many days 'at least' are given to do an act, or 'not less than' so many days must *intervene,* both the terminal days are excluded." (Italics supplied). See also *Gregg's Estate,* 213 Pa. 260, 62 A. 856, in which this Court excluded both terminal days under the Wills Act requiring that to be valid charitable bequests must be made "at least one calendar month before" death. The Court there stated at page 263: "The meaning of the words 'at least' is 'in the smallest or lowest degree; . . . at the smallest number . . . In declaring that 'at least one calendar month' must elapse between the execution of a will containing a charitable bequest and the death of the testator, the manifest meaning of the statute is that such a month must fully elapse between the dates of the two events." Webster defines the word "intervene" as "to occur, fall or come, between points of time and events." This is also the etymology of the word "intervene," i.e. " to come between." We cannot but hold that in using the words, "at least three days shall intervene," the Legislature here intended that nothing less than three days must elapse between the date of introduction and the time of passage of the ordinance.

The exact question was properly disposed of by Judge STEWART in *Foering v. City of Bethlehem,* 20 D. & C. 331, relying upon *Gregg's Estate,* 213 Pa. 260, and Endlich on Interpretation of Statutes, Section 391, in which the Court of Common Pleas of Northampton County rendered judgment in accordance with the instant opinion. See also *Derringe v. Walton,* 13 D. & C. 82. The *Foering* case construed §1012 of The Third Class City Law of June 23, 1931, P. L. 932, which was identical with the Third Class City Code, §10, 53 PS

§12198-1012. In other words, both terminal days must be excluded from the computation.

The Statutory Construction Act itself, in §§31 and 33, 46 PS §§531 and 533, expressly provides for such result, §31 stating that "in the construction of the laws . . . the rules set forth in this article shall be observed, unless the application of such rules would result in a construction inconsistent with the manifest intent of the Legislature"; and §33 stating: "Words and phrases shall be construed according to . . . their common and approved usage . . ." When the Legislature requires that at least three days must intervene between introduction and final passage of an ordinance, the meaning cannot be otherwise than that three full days must come between the two days mentioned, both terminal dates to be excluded. Cf. *Coleman v. Keenan*, 71 Ill. App. 315.

It follows that the two orders of the Court of Quarter Sessions of Lancaster County involved in Appeals Nos. 337 and 338 January Term, 1955, must be reversed, and the ordinances are hereby declared null and void; the costs to be paid by the City of Lancaster.