## D. J. Potter Co., Inc., v. Good

*Alan I. Baskin*, for plaintiff.
*Ralph W. D. Levan*, for defendants.

HESS, P. J., August 14, 1963.—D. J. Potter Co., Inc., plaintiff, instituted an action in assumpsit against William K. Good and June F. Good, defendants, before a justice of the peace. The summons was issued on January 3, 1962, returnable January 9, 1962, between the hours of 9:30 p.m. and 10:30 p.m. It was served

on defendants on January 6, 1962. A hearing was held at the appointed time. Defendants did not appear and judgment was entered against them in the sum of $119.74, plus costs and interest. Defendants thereafter brought the proceedings before this court on certiorari.

It is contended that judgment must be set aside for the reason that the summons was served less than four days before the return date and hearing in violation of the Act of March 20, 1810, P. L. 208, 5 Sm. L. 161, sec. 2 (42 PS §422). With this contention we agree. The point has been squarely decided by Pennsylvania courts in the cases of Garski v. Demarco, 33 Erie 283; Summers v. Erb, 32 Lancaster 207; Jones v. Fite (Luzerne), 14 D. & C. 362. It might be argued that service on January 6th and a return date or hearing on January 9th constitutes four days. The words of the statute, however, are ". . . at least four days before the time of hearing; . . ." When such words as "at least" are mentioned in an act of assembly for the doing of an act or thing, not less than said number of days must intervene and both terminal days must be excluded: Lancaster City Ordinance Case, 383 Pa. 471.

Counsel for plaintiff contends that even though service may have been made improperly, defendants cannot complain because they allowed more than 20 days to pass between the date of the judgment on January 9, 1962, and the application for the certiorari on February 21, 1962. According to the transcript, it would appear that the justice of the peace sent a final notice before execution to defendants on January 31, 1962, and that this was the first indication that defendants received that a judgment had been entered against them, notwithstanding the fact that the service of the summons was improper. The record does not show when the notice was received by defendants, but, assuming it was received the next day, February 1,

1962, requesting a certiorari on February 21, 1962, was not an unusual or improper delay.

And now, to wit, August 14, 1963, defendants' exception no. 1 is sustained, the judgment is declared void, and all proceedings thereunder are set aside.