**King Manor Homes, Inc. v. Green**

*Harry F. Lee*, for plaintiff.

*Mervine, Brown & Newman*, for defendants.

*John H. Doran*, for additional defendant.

DAVIS, P. J., January 30, 1967.—On April 21, 1966, plaintiff, King Manor Homes, Inc., as subcontractor, filed a mechanics' lien claim against a certain lot situate at Arrowhead Lakes, Coolbaugh and Tobyhanna Townships, Monroe County, Pa., of which defendants, Thomas J. Green and Margaret Green, his wife, who reside at 16 Evergreen Road, New Egypt, N. J., were the registered owners. It is averred in the claim that written notice of intention to file same "was duly forwarded the said owners by registered mail on the 22nd day of March, 1966", and that written notice was posted on the premises by Constable Claude Mader on the 25th day of March, 1966. A return receipt, attached to the claim as "Exhibit B", shows that the notice was sent by certified mail with instructions to deliver to addressee only, that it was delivered on March 23, 1966, and that addressee signed the receipt "T. J. Green, M. D." Subsequently, plaintiff filed the unsworn affidavit of Harry F. Lee, Esq., that on May 4, 1966, he sent by certified mail a notice of the filing of the claim "to the residence of Defendants at 16 Evergreen Road, New Egypt, New Jersey"; and the sworn affidavit of Constable Claude Mader that he had posted written notice upon the premises on May 4, 1966. A return receipt attached to the first affidavit showed that the item was delivered on May 5, 1966, and was signed for by "Mrs. Farrow" as agent for "T. J. Green". Defendants then filed preliminary objections in the nature of a motion to strike off the claim on grounds which may be briefly summarized: (1) notice of intention to file was not received *at least* 30 days before the claim was filed; (2) notice of intention to file was not given to wife defendant; and (3) notice that the claim had been filed was not prop-

erly given. Subsequently, on September 27, 1966, pursuant to stipulation of counsel, the court entered an order that John Kosenick, trustee of KAP, Inc., in proceedings for the reorganization of a corporation under chapter X of the Bankruptcy Act, of July 1, 1898, as amended, be added as a party defendant. At argument, counsel for added defendant joined with counsel for defendants in pressing the preliminary objections to the claim.

Pennsylvania Rules of Civil Procedure 1651 through 1660 relate only to the procedure between the filing of the lien and the reduction of the claim to judgment. For the procedure governing the filing of the claim, we look to the Mechanics' Lien Law of August 24, 1963, P. L. 1175, effective January 1, 1964, 49 PS §1101 et seq., and, in particular, to section 501 of the act, 49 PS §1501, which provides in part:

"(b) Formal Notice in All Cases by Subcontractor. No claim by a subcontractor . . . shall be valid unless, *at least thirty (30) days* before the same is filed, he shall have *given* to the owner a formal written notice of his intention to file a claim. . . .

"(d) Service of Notice. The notices provided by this section *may* be served by first class, registered or certified mail on the owner or his agent or by an adult in the same manner as a writ of summons in assumpsit, or if service cannot be so made then by posting upon a conspicuous public part of the improvement". (Italics supplied.)

These provisions take the place of the previous law, the Act of March 24, 1909, P. L. 65, amending section 8 of the Act of June 4, 1901, P. L. 431, which read in part:

"Any subcontractor, intending to file a claim, must *give* to the owner written notice to that effect . . . Such notice . . . must be served *at least one month* before the claim is filed . . . Service *may* be made

personally on the owner anywhere; but, if he cannot be served in the county where the structure or other improvement is situate, such notice . . . may be served on his architect or agent, or the party in possession of the structure or other improvement: and if there be no architect, agent or party in possession . . . it may be posted on the most public part of the structure or other improvement". (Italics supplied.)

Significantly, the language of the two acts is similar in two respects: (1) both require notice to be *"given"* by claimant, rather than *received* by the owner; and (2) both describe the length of time for proper notice as *"at least"* either one month or 30 days. The Act of 1963, however, introduces an important innovation not found in the prior law: notice of intention to file a claim now may be given by mail. Where this method is adopted, there is necessarily a time lapse between the instant of mailing and the moment of receipt. Accordingly, a choice must be made between these two events, and one must be selected as the proper point from which to commence the computation of time. Although we have found no decisions construing this feature of the Act of 1963, the emphasis in the statutory language upon *giving* notice indicates that the date of mailing the notice is the critical point from which computation of time should commence. By analogy, support may be found in Commonwealth v. Burke, 34 D. & C. 447 (C. P. Dauphin Co., 1938). There, defendant held a retail beverage license. The Beverage License Law of June 16, 1937, P. L. 1827, sec. 13(c), provided that "the board may . . . cite such licensee to appear before it or its examiner, *not less than* ten nor more than fifteen days from the date of sending such licensee, by registered mail, a notice, addressed to him at his licensed premises, to show cause why such license should not be suspended or revoked". (Italics supplied). On February 19, the board sent defendant

a registered letter notifying him of a hearing to be held on March 1. Defendant did not appear and did not receive the letter until March 5. The court held that the date of mailing the notice, rather than the date of receipt, was controlling; computed the time, pursuant to section 38 of the Statutory Construction Act of May 28, 1937, P. L. 1019, as amended, 46 PS §538, by excluding the first day (February 19, the day of mailing) and including the last (March 1, the date of the hearing) ; and concluded that defendant had been given "not less than" 10 days notice. Counsel for defendants have cited one case in which a contrary result was reached: Taggart v. Phoenix Mutual Relief Association, 8 Pa. C. C. 334 (C. P. Chester Co., 1890). There, the decision was based upon a ruling that a member of defendant beneficial association was entitled to actual notice before his membership could be terminated, although the court also discussed the question of computation of time. This was based upon construction of the constitution and by-laws of this particular association.

Turning next to the proper method of computing time of notice, Rich v. Boguszinsky, 88 Pa. Superior Ct. 586 (1926), is the only appellate decision called to our attention which deals with this question in a mechanics' lien case. There, the court was construing the Act of March 24, 1909, P. L. 65, which contained, as we have pointed out, supra, language similar to that which we are here concerned under the Act of 1963. Claimant had served defendant with notice of intention on October 19 and filed the claim on November 19. The court applied the rule of computation, similar to that now found in the Statutory Construction Act of May 28, 1937, P. L. 1019, as amended, 46 PS §538, prescribed in the Act of June 20, 1883, P. L. 136. After excluding the first day (October 19) and including the last day (November 19), the court con-

cluded that defendant had been given "at least" one month's notice, as required by the Act of 1909. We apply the same method of computation in the instant case. By excluding March 2 (the date of mailing notice) and including April 21 (the date of filing the claim), we find that plaintiff has given "at least" 30 days' notice, as required by the Act of 1963. Counsel for defendants have cited Bevilacque v. Goldman, 42 Pa. C. C. 276 (C. P. Lackawanna Co., 1914), in which the court, construing the same Act of 1909, reached a contrary result. There, the owners had been served with notice of intention on October 24, 1913, and the claim had been filed on November 24, 1913. Relying upon Gregg's Estate, 213 Pa. 260, 62 Atl. 856 (1906), the court held that the phrase "at least" required one calendar month of 31 full, clear days to *intervene* between the date on which notice was served and the date when the claim was filed. The authority of this decision must yield not only to the superior authority of Rich v. Boguszinsky, but to more recent legislative developments. The Gregg decision had been based upon construction of the Act of April 26, 1855, P. L. 328, sec. 11, which voided religious or charitable uses created otherwise than "by deed or will attested by two credible, and, at the [same] time, disinterested witnesses, *at least* one calendar month before the decease of the testator or alienor. . . ." (Italics supplied.) Subsequently, the Act of 1855 was repealed and supplanted by new legislation dealing with the same subject, which described the measure of time as "*at least* thirty days", but expressly incorporated the rule that time should be calculated by excluding the first day and including the last. See the excellent exposition of this development by President Judge Kohler in Kerr Estate, 37 D. & C. 2d 332 (O. C. York Co., 1965). As further authority for requiring 30 full, clear days to *intervene* between the date of giving notice of intention and the

date of filing the claim, counsel for defendants have cited Lancaster City Ordinance Case, 383 Pa. 471, 119 A. 2d 307 (1956). This case is clearly distinguishable, because the statute there construed expressly spelled out the requirement that three days shall *intervene* between the introduction of an ordinance and its final passage.

While the record clearly shows the effective giving of notice of intention to husband defendant, Thomas J. Green, there is a failure to show that defendant Margaret Green was given the notice to which, as an owner and cotenant by the entireties, she was entitled: Dravo Corp. v. Ligato, 111 Pitts. L. J. 497 (C. P. Allegheny Co., 1963); A. D. Rossi, Inc. v. Drew, 4 D. & C. 2d 589 (C. P. Allegheny Co., 1954); Chapin Lumber Co. v. Zagorski, 38 Luz. 57 (C. P. Luzerne Co., 1941). This defect is not curable by amendment: Day and Zimmerman, Inc. v. Blocked Iron Corp. of America, 15 D. & C. 2d 251 (C. P. Phila Co., 1958), affirmed on the opinion of Judge Waters in 394 Pa. 386, 147 A. 2d 332 (1959); Hoffman Lumber Co. v. Geesey, 35 D. & C. 2d 200 (C. P. Chester Co., 1964). Accordingly, the lien must be stricken off as to defendant Margaret Green: A. D. Rossi, Inc. v. Drew, supra; and see Dravo Corp. v. Ligato, supra.

It remains to consider whether defendant Thomas J. Green was given proper notice that the claim had been filed. Section 502 of the Act of August 24, 1963, P. L. 1175, 49 PS §1502, provides in part:

"(c) Manner of Service. Service of the notice of filing of claim shall be made by an adult in the same manner as a writ of summons in assumpsit, or if service cannot be so made then by posting upon a conspicuous public part of the improvement".

In the instant case, defendant Thomas J. Green was a nonresident, living in New Jersey. It does not appear that he had any residence or place of business in

Monroe County where service could have been made in the manner prescribed for summons in assumpsit by Pa. R. C. P. 1009. While rule 2079, relating to actions of the class specified in rule 2077(a)(1), provides for service upon nonresidents by having the sheriff send defendant a copy of process by registered mail, reference to rule 2077(b) indicates that the rules of that chapter ("Defendants Who Are Non-Residents or Conceal Their Whereabouts") do not apply to actions involving title to, possession of, or charges or liens upon real or personal property. We conclude that the alternate method of posting the premises, adopted here by plaintiff, adequately complied with the requirement for giving defendant notice of the filing of the mechanics' lien claim.

### ORDER

And now, January 30, 1967, defendants' preliminary objections to plaintiff's mechanics' lien claim are sustained as to defendant Margaret Green, and the claim is stricken off so far as it relates to her interest in the premises. The preliminary objections, so far as they relate to the interest of defendant Thomas J. Green, are dismissed.