Edward A. Courtney, Petitioner *v.* Commonwealth of Pennsylvania, State Civil Service Commission et al., Respondents.

Argued June 8, 1978, before Judges CRUMLISH, JR.; BLATT and DiSALLE, sitting as a panel of three.

*Anthony J. Martin,* with him *Martin & Finnegan,* for petitioner.

*Barbara G. Raup,* Assistant Attorney General, with her *Robert E. Kelly,* Assistant Attorney General, for respondents.

OPINION BY JUDGE DiSALLE, August 31, 1978:

We have before us both a petition for review filed by Edward A. Courtney (Courtney) from the order of the State Civil Service Commission (Commission) dated June 9, 1977, and preliminary objections to the petition filed by the Commission and its Chairman, John A. M. McCarthy.

We shall first consider the preliminary objections. These objections include a challenge to the propriety of Courtney invoking the original jurisdiction of this Court. Courtney purported to state an original claim by attaching a Notice to Plead to his petition for review, and by requesting a remand conditioned on John A. M. McCarthy being enjoined from participating in a new hearing. Consequently, this case was docketed as involving both our appellate and original jurisdiction. The petition for review, however, cites as the basis for this Court's jurisdiction Section 403 of the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, *as amended,* 17 P.S. §211.403. This Section provides us solely with appellate jurisdiction. Furthermore, our review of the allegations in the petition for review, which do not separate appellate and original matters, indicates that no basis exists for invoking our original jurisdiction. Accordingly, we will consider only the argument of Courtney as it relates to our appellate jurisdiction.

The facts of the case are as follows: Courtney was employed by the Greene County Board of Assistance as a regular employe in the classification of Income Maintenance Worker I. In December of 1976 he received a rating of unsatisfactory from his employer. Thereafter, by letter dated December 31, 1976, he requested a hearing before the Commission, for the purpose of reviewing the Performance Evaluation Report, alleging denial of promotion and harassment. A hearing was set for February 3, 1977. Notice of this hearing, although dated January 14, 1977, was in fact received by Courtney by certified mail, return receipt requested, on January 26, 1977. The hearing was held as scheduled. The Commission in its adjudication and order concluded that Courtney's employer had not violated Section 905.1 of the Civil Service Act, Act of

August 5, 1941, P.L. 752, *as amended,* added by Section 25 of the Act of August 27, 1963, P.L. 1257, *as amended,* 71 P.S. §741.905a, and, in dismissing the appeal, sustained the Performance Evaluation Report.

Courtney first argues that he was denied due process of law in that he was not given proper notice of the hearing. Specifically, he alleges that his due process rights were violated since he received notice of the hearing less than ten days before it was scheduled and that this contravened the Commission's regulations found at 4 Pa. Code §105.11. We agree.

The regulations at 4 Pa. Code §105.11 provide in pertinent part that *"at least* ten days notice in advance of the date of the hearing shall be given by registered mail to the employe affected . . . . informing [him] of the date, time and place of the hearing." (Emphasis added.) The clear import of this language is that an employe must receive the notice at least ten days prior to the scheduled date of the hearing.[1] As the Supreme Court stated in *Lancaster City Ordinance Case,* 383 Pa. 471, 119 A.2d 307 (1956), when the words "at least" are used in an act of assembly with reference to the time within which an act must be performed, not less than the required number of days must intervene, and both terminal days must be excluded. *D. J. Potter Co. v. Good,* 31 Pa. D. & C. 2d 589 (1963). This same rule of construction applies, of course, to administrative regulations. It cannot be contended, therefore, that merely placing the notice in the mails at least ten days prior to the hearing date is sufficient to satisfy the regulation. Rather, the employe must have actually received the notice within the time required. Timely notice enables the employe to retain counsel if he so desires, to contact witnesses and secure their at-

---

[1] Of course, an employe may not defeat this requirement by refusing acceptance of the notice.

tendance, and to have adequate time to prepare his case. In the instant case, it seems clear that, as a result of the untimely notice, two of Courtney's witnesses did not appear at the hearing and his counsel was obviously not prepared to proceed. Upon being informed of this state of events, the Commission should have continued the case. *See Kaplan v. State Civil Service Commission,* 13 Pa. Commonwealth Ct. 29, 317 A.2d 683 (1974). Since we determine that Courtney's due process rights were violated, we do not reach the additional arguments raised, and we will remand this case for a new hearing.

#### ORDER

AND Now, this 31st day of August, 1978, the preliminary objection challenging the petitioner's assertion of original jurisdiction is sustained. The remaining preliminary objections are dismissed and the order of the State Civil Service Commission dated June 9, 1977, at Appeal No. 2125, is hereby vacated and the case is remanded for a new hearing.