J-S18003-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GLEN WERNER | : | |
| | : | |
| Appellant | : | No. 2680 EDA 2022 |

Appeal from the Judgment of Sentence Entered October 14, 2022
In the Court of Common Pleas of Carbon County
Criminal Division at No(s):  CP-13-MD-0000407-2021

BEFORE:   PANELLA, P.J., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.:          **FILED AUGUST 29, 2023**

Glen Werner appeals the judgment of sentence entered by the Carbon County Court of Common Pleas on October 14, 2022. Werner claims the trial court erred in finding the probation office timely filed the Petition to Revoke Probation after he had already served over 180 days of the six-month sentence.  We find Werner's claim without merit and hereby affirm.

For purposes of this appeal, the facts are not contested. On October 22, 2021, the trial court entered a three-year protection from abuse order against Werner which prohibited him from contacting a woman who claimed he was harassing her.  ***See*** Order of Court, 12/10/2021, pg. 1. A month later, Werner

---

[*] Former Justice specially assigned to the Superior Court.

was charged with violating the PFA order by continuing to harass, threaten, and track the woman.

On December 10, 2021, the trial court found Werner guilty of indirect criminal contempt and sentenced him to serve six months' probation. **See** Id. On June 9, 2022, the Probation Office filed a Petition to Revoke Defendant's Probation alleging Werner had failed to obtain the mental health evaluation as required by the probation order. **See** Petition for Revocation of Parole, 06/09/2022, pg 1. On June 14, 2022, the petition was amended to include other probation violations including contacting the woman protected by the PFA order. **See** Order of Court, 06/14/2022, at 1. On October 14, 2022, Werner was found guilty of violating probation and sentenced to serve three to six months' incarceration. **See** Order of Court, 10/14/2022, at 1.

On appeal, Werner argues the motion to revoke probation was untimely because it was filed after he had already served over 180 days of his six-month probation sentence.[1] Generally, a petition to revoke a defendant's probation or parole must be filed before the defendant has completed his sentence. ***See Commonwealth v. Smith***, 860 A.2d 142, 145 (Pa. Super. 2004).

In his brief, Werner argues "the proper calculation to ascertain whether or not the Defendant had actually finished serving such sentence is the

---

[1] Werner abandoned any other claim raised in his concise statement pursuant to Pa.R.A.P. 1925 by not pursuing it in his appellate brief.

counting of the number of days from imposition of sentence to when revocation of probation was sought." Appellant's Brief, 03/24/2023, pg. 12-11. He further claims, "a sub-question exists as to what is actually meant by the word 'day'." *Id.* at 11.

While Werner's statement of the proper calculation is correct, it does not lead to the conclusion he desires. Properly re-stated, Werner's claim boils down to his belief that using the word "month" is equivalent to saying "30 days." We disagree.

Werner's claim asks us to interpret the trial courts judgment of sentence. This claim raises a question of law, therefore we review the trial court's decision *de novo*. **See Commonwealth v. Borrin**, 80 A.3d 1219, 1225 (Pa. 2013).

The parties and the trial court cite to various maxims of statutory construction; however, we conclude this issue is best expressed in simpler terms. What matters in interpreting a court order, such as a judgment of sentence, is the intent of the court as expressed in the language of the order. **See Commonwealth v. Kremer**, 206 A.3d 543, 548 (Pa. Super. 2019) (recognizing a presumption that the written sentencing order represents what the sentencing judge intended). To that end, when a court order utilizes the word "month" instead of "day" or "year," it intends to use calendar months as the measuring unit. And the Supreme Court of Pennsylvania has explained the meaning of a calendar month:

> A calendar month is not one of any given number of days throughout the entire year, but varies in length according to the Gregorian calendar. A calendar month beginning in February, except in a leap year, is of 28 days duration; one beginning in April, June, September, or November is of 30 days, and one beginning in either of the other seven months, of 31 days.

**In re Gregg's Est.**, 62 A. 856 (Pa. 1906).

Accordingly, the court did not sentence Werner to 180 days of probation. Rather, the court sentenced Werner to six calendar months of probation. Six calendar months from December 10, 2021, was June 10, 2022. To convert that sentence into days requires reference to the calendar months involved.[2]

The probation department's petition to revoke, filed on June 9, 2022, was therefore timely. Werner's claim that his sentence had already ended is incorrect. We therefore affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/29/2023

---

[2] Here, the court imposed sentence on December 10, 2021. Six months from that date would be June 10, 2022. To determine the number of days in the sentence would require summing up the following amounts: 21 days remaining in December, 31 days in January, 28 days in February, 31 days in March, 30 days in April, 31 days in May, and 10 days in June, for a total of 182 days.